## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL NEELY,

                Plaintiff,

vs.

                                CASE NO.:

CIRCLE K STORES, INC,

                Defendant.

_____

## <u>NOTICE OF REMOVAL</u>

Defendant, CIRCLE K STORES, INC., (hereinafter "CIRCLE K" or "Defendant"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Tampa Division, and respectfully represents as follows:

1.     On or about February 28, 2022, a Complaint was served on Circle K. The civil action entitled <u>MICHAEL NEELY, v. CIRCLE K STORES, INC</u>., was commenced in the Circuit Court, Tenth Judicial Circuit, in and for Polk County, Florida, and assigned Case number 2022-CA-000609. This action was filed in the Polk County Circuit Court on February 25, 2022.  (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

2.    This action as stated by the initial pleading was not removable. This matter subsequently became removable on October 11, 2022, when Plaintiff filed their responses to Defendant's Request for Admissions, which serves as the "paper(s)" from which it was first ascertained the case was removable. See Exhibit "B." Thus, this action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the statutory period for removal under 28 U.S.C. §1446(b).  See Jade East Towers Developers, 936 F. Supp. 890, 892 (N.D.Fla. 1996) ("Although the defendant may utilize information from … a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b)."); Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co., 2009 U.S.Lexis 115564, 2009 WL 4855700 at *4 (M.D. Fla. Dec. 10, 2009) (pre-suit documents concerning the amount in controversy do not trigger the thirty-day clock of Section 1446(b).).

3.    There is complete diversity of citizenship between the parties to this cause.  Plaintiff is a citizen of the State of Florida.  (See Complaint, paragraph 2).  Defendant is a foreign company duly organized as a corporation under the law of Texas with its principal place of business in Arizona. [1]

4.    This is a purported negligence action brought by Plaintiff against Defendant as a result of a trip and fall accident that occurred on January 15, 2022.  As

---

[1] An affidavit setting forth this information will be filed separately.

is expressly referenced in the Answers to Requests for Admissions, Plaintiff is seeking damages in excess of $75,000.00.  See Exhibit B.

5.    Thus, the amount in controversy exceeds the jurisdictional threshold, set forth in 28 U.S.C. §1332(a), of $75,000.00, exclusive of interest and costs.

6.    Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

10.    Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Tenth Judicial Circuit.

11.    Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Tenth Judicial Circuit in and for Polk County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  November 10, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 10, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Heather Barnes, Esq.
RUBENSTEIN LAW, P.A.
401 E. Jackson Street, Suite 1410
Tampa, Florida 33602
HBarnes@RubensteinLaw.com
AJndujar@RubensteinLaw.com
EService@RubensteinLaw.com
*Attorneys for Plaintiff Michael Neely*

|  | *Jennifer A. Hoffman, Esq.* |
|---|---|
|  | Jennifer A. Hoffman |
|  | Florida Bar No. 981605 |
|  | Charles R. Frederick |
|  | Florida Bar No. 1010962 |
|  | CARR ALLISON |
|  | 121 S. Orange Ave., Ste. 1500, |
|  | Orlando, Florida 32801 |
|  | Telephone: (407) 783-6087 |
|  | JHoffman@CarrAllison.com |
|  | RFrederick@CarrAllison.com |
|  | KPollak@CarrAllison.com |
|  | BBurke@CarrAllison.com |
|  | *Attorneys for Circle K Stores, Inc.* |



**Stacy M. Butterfield, CPA**
Clerk of Courts & Comptroller
Polk County, Florida

**Public Records Online**

**CASE INFORMATION**

**Printed as of 11/7/2022 by Public**

| | | | |
|---|---|---|---|
| Case Number: | **2022CA0006090000LK** | | |
| Judge: | **DANA Y MOORE** | Section: | **04** |

**Parties**

| Party Type | Party Name | Attorney |
|---|---|---|
| DEFENDANT | CIRCLE K STORES | FREDERICK CHARLES R |
| DEFENDANT | CIRCLE K STORES | HOFFMAN JENNIFER ANDERSON |
| PLAINTIFF | NEELY, MICHAEL | BARNES HEATHER N |

**Dockets**

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 2/25/2022 | CIVIL COVER SHEET | CCS | 3 | 1 |
| 2/25/2022 | SUMMONS ISSUED BY CLERK- CIRCLE K STORE | SI | 1 | 2 |
| 2/25/2022 | PLAINITFFS NOTICE OD COMPLIANCE WITH RULE 2.516(B)(1) AND DESIGNATION OF ELECTRONIC MAIL ADDRESS | DEA | 2 | 3 |
| 2/25/2022 | PLAINTIFFS NOTICE OF SERVING INTERROGATORIES TO DEFENDANT CIRCLE K STORES | NSI | 1 | 4 |
| 2/25/2022 | PLAINTIFFS REQUEST FOR ADMISSIONS TO DEFENDANT CIRCLE K STORES INC | RQA | 2 | 5 |
| 2/25/2022 | PLAINTIFFS NOTICE/REQUEST TO PRODUCE TO DEFENDANT CIRCLE K STORES | NRP | 3 | 6 |
| 2/25/2022 | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL | CO | 4 | 7 |
| 2/25/2022 | REQUEST FOR DIVISION ASSIGNMENT | ASG | 1 | 8 |
| 2/28/2022 | LETTER FROM CLERK | LC | 1 | 10 |
| 3/1/2022 | SERVICE OF PROCESS SERVED CIRCLE K STORES | SPS | 1 | 11 |
| 3/15/2022 | ORDER ESTABLISHING CIVIL CASE MANAGEMENT PLAN - GENERAL | OEPG | 2 | 12 |

Polk County Clerk of Courts



**EXHIBIT**

**A**

_____

**Public Records Online**

**CASE INFORMATION**

**Printed as of 11/7/2022 by Public**

Case Number:        **2022CA0006090000LK**

Judge:              **DANA Y MOORE**                    Section:    **04**

<u>Dockets</u>

| Date | Action | Type | Pages | Sequence |
|------|--------|------|-------|----------|
| 3/31/2022 | SUMMONS ISSUED BY CLERK - COPORATION SERVICE COMPANY | SI | 1 | 13 |
| 4/7/2022 | SERVICE OF PROCESS SERVED- CIRCLE K STORES CORPORTION SERVICE COMPANY BY SERVING SHEENA BLACK | SPS | 2 | 14 |
| 4/27/2022 | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES | NAP | 2 | 15 |
| 4/27/2022 | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES | AR | 4 | 16 |
| 5/20/2022 | PLAINTIFFS NOTICE FOR JURY TRIAL | NBI | 1 | 17 |
| 6/6/2022 | DEFENDANTS RESPONSE TO PLAINTIFFS REQUEST FOR ADMISSIONS | AR | 3 | 18 |
| 7/26/2022 | ORDER ESTABLISHING CIVIL CASE MANAGEMENT PLAN - GENERAL | OEPG | 2 | 19 |
| 7/29/2022 | PLAINTIFFS MOTION TO COMPEL DISCOVERY RESPONSES | MC | 2 | 20 |
| 8/1/2022 | NOTICE OF PRODUCTION FROM NON PARTY | NPN | 3 | 21 |
| 8/15/2022 | CERTFICATE OF NON-OBJECTION IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.351 | CNO | 2 | 22 |
| 8/16/2022 | PLAINTIFFS REQUEST FOR COPIES | RQC | 2 | 23 |
| 8/18/2022 | AMENDED NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS | DEA | 2 | 24 |
| 8/30/2022 | CIRCLE K STORES INCS NOTICE OF SERVICE OF VERIFIED ANSWERS TO PLAINTIFFS FIRST SET OF INTERROGATORIES | NTS | 2 | 25 |
| 8/30/2022 | DEFENDANTS RESPONSES TO PLAINTIFFS REQUEST FOR PRODUCTION | AR | 5 | 26 |
| 8/30/2022 | DEFENDANTS MOTION FOR PROTECTIVE ORDER | MPO | 12 | 27 |
| 10/3/2022 | ORDER SCHEDULING PRETRIAL CONFERENCE AND JURY TRIAL AND DIRECTING MEDIATION-VIRTUAL | OSP | 7 | 28 |

Polk County Clerk of Courts

**Public Records Online**

**CASE INFORMATION**

**Printed as of 11/7/2022 by Public**

Case Number:        **2022CA0006090000LK**

Judge:              **DANA Y MOORE**                    Section:    **04**

**Dockets**

| Date | Action | Type | Pages | Sequence |
|------|--------|------|-------|----------|
| 10/10/2022 | DEFENDANTS MOTION FOR LEAVE TO AMEND ITS ANSWER BY INTERLINEATION | M | 3 | 29 |
| 10/10/2022 | DEFENDANTS REQUEST FOR ADMISSIONS TO PLAINTIFF | RQA | 2 | 30 |
| 10/11/2022 | PLAINTIFFS RESPONSE TO DEFENDANTS REQUEST FOR ADMISSIONS | AR | 2 | 31 |
| 10/28/2022 | Calendar entry added for: 07/06/2023 09:00 AM | CINS | 0 | 32 |
| | Reason: PTC | | | |

**Court Hearings**

| Date | Time | Location | Motion | Section | Judge |
|------|------|----------|--------|---------|-------|
| 7/6/2023 | 9:00 AM | CIVIL DIVISION 04 VIRTUAL | PTC - PRETRIAL CONFERENCE | 04 | DANA Y MOORE |

**Receivables**

| Date | Receipt Amount | Description | Paying Customer | Receipt Number | Receivable Number |
|------|----------------|-------------|-----------------|----------------|-------------------|
| 2/25/2022 | $400.00 | Fees Assessed | EPORTAL - CIVIL LAW | 9052603 | |
| 3/31/2022 | $10.00 | Fees Assessed | EPORTAL - CIVIL LAW | 9100100 | |
| Balance Due | $0.00 | | | | |

No Disposition Data Available

No Reopen Data Available

Polk County Clerk of Courts

**Public Records Online**

**CASE INFORMATION**

**Printed as of 11/7/2022 by Public**

Case Number:          **2022CA0006090000LK**

Judge:                **DANA Y MOORE**                          Section:    **04**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                    CIVIL DIVISION

     Plaintiff,                                  CASE NO.:

v.

CIRCLE K STORES,

     Defendant.

_____ /

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Interrogatories, Request for Production and Request for Admission in this action on Defendant:

**CIRCLE K STORE**
**3808 Deeson Road**
**Lakeland, FL 33810**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Heather Barnes, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH, Miami FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON:  on this _____ day of _____, 2022.

02/25/2022

STACY M. BUTTERFIELD
Clerk of Said Court

BY: _____
SS-2022CA-000609-0000-l

As Deputy Clerk

(Court Seal**)**

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>TENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>POLK</u>  COUNTY, FLORIDA

<u>Michael Neely</u>
Plaintiff                                                          Case # _____

                                                                 Judge _____

vs.
<u>Circle K Stores</u>
Defendant

_____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

**2022CA-000609-0000-LK        Received in Polk 02/25/2022 03:58 PM**

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Heather N Barnes</u>        Fla. Bar # <u>85522</u>
          Attorney or party                   (Bar # if attorney)

<u>Heather N Barnes</u>            <u>02/25/2022</u>
 (type or print name)          Date

**2022CA-000609-0000-LK**      **Received in Polk 02/25/2022 03:58 PM**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                    CIVIL DIVISION

    Plaintiff,                                    CASE NO.:

v.

CIRCLE K STORES,

    Defendant.

_____/

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, MICHAEL NEELY ("NEELY"), sues Defendant, CIRCLE K STORES, ("CIRCLE K") and alleges:

1.    This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.    At all times material hereto, NEELY was and is a resident of Polk County, Florida, and is otherwise *sui juris*.

3.    At all times material hereto, CIRCLE K was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in Temple Terrace, Hillsborough County, Florida.

4.    Venue is proper in this County in that the Defendant does business in Hillsborough County, Florida, and/or all of the acts complained of herein occurred in Hillsborough County, Florida.

5.    On or about January 15, 2020, NEELY was a business invitee of CIRCLE K's premises located at 12911 North Telecom Parkway, Temple Terrace, FL 33637.

6.    All conditions precedent to the maintenance of this action have occurred, been waived, or have otherwise been fulfilled.

## COUNT I - NEGLIGENCE CLAIM AGAINST CIRCLE K STORES

7.     Plaintiff re-alleges and restates the allegations in paragraphs 1 through 6 as if fully set forth herein.

8.     At all times material hereto, and specifically on January 15, 2020, CIRCLE K owned, managed, controlled, operated, and/or maintained the premises located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, in Hillsborough County.

9.     On or about January 15, 2020, NEELY was lawfully in CIRCLE K's premises, when he slipped and fell due to water leaking from a cooler.

10.    Defendant owed to its business invitees a duty to provide a reasonably safe environment.

11.    Defendant, its agents, servants or employees, breached its duty owed to Plaintiff by negligently maintaining its premises in the following manner:

      a.     By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

      b.     By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

      c.     Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

      d.     By failing to remove said water or other similar substance from the floor of the premises; and/or

- 2 -

e.    By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.    Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a water and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

12.    Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

13.    As a direct and proximate result of the aforementioned negligence of CIRCLE K, NEELY slipped on a liquid substance and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and NEELY will suffer the losses into the future.

WHEREFORE, Plaintiff, MICHAEL NEELY, hereby demands judgment for damages, costs and interest from Defendant, CIRCLE K, together with whatever other relief the Court deems just and appropriate.

- 3 -

2022CA-000609-0000-LK        Received in Polk 02/25/2022 03:58 PM

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL NEELY, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: February 25, 2022

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
401 E. Jackson Street
Suite 1410
Tampa, FL 33602
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: hbarnes@rubensteinlaw.com
        jandujar@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:     */s/ Heather Barnes*
        **HEATHER BARNES**
        Florida Bar No.: 85522

- 4 -

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                CIVIL DIVISION

    Plaintiff,                                CASE NO.:

v.

CIRCLE K STORES,

    Defendant.

_____/

### PLAINTIFF'S NOTICE OF COMPLIANCE WITH RULE 2.516(b)(1) AND DESIGNATION OF E-MAIL ADDRESSES

The Plaintiff, **MICHAEL NEELY**, by and through the undersigned counsel, hereby file this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-mail Address (Effective September 1, 2012) and designates the following e-mail addresses: hbarnes@rubensteinlaw.com, jandujar@rubensteinlaw.com and eservice@rubensteinlaw.com.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically submitted on this 25th day of February, 2022.

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 S. Dadeland Blvd, PH
> Miami, FL 33156
> Tel: (305) 661-6000
> Fax: (813) 302-1914
> Email: hbarnes@rubensteinlaw.com
>        jandujar@rubensteinlaw.com
>        eservice@rubensteinlaw.com
>
> By: _/s/ Heather Barnes_
>     **Heather Barnes**
>     Florida Bar No.: 85522

- 2 -

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                        CIVIL DIVISION

    Plaintiff                                        CASE NO.:

v.

CIRCLE K STORES,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT CIRCLE K STORES

Plaintiff, MICHAEL NEELY, gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant CIRCLE K STORES to be answered within forty-five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, CIRCLE K STORES.

Dated: <u>February 25, 2022</u>

<div style="margin-left:40%">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: hbarnes@rubensteinlaw.com
      jandujar@rubensteinlaw.com
      eservice@rubensteinlaw.com


By:  <u>/s/ *Heather Barnes*</u>
    **HEATHER BARNES**
    Florida Bar No.: 85522

</div>

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA IN AND FOR POLK

MICHAEL NEELY,                                    CIVIL DIVISION

    Plaintiff,                                    CASE NO.:

v.

CIRCLE K STORES,

    Defendant.

_____/

## **PLAINTIFF'S REQUEST FOR ADMISSIONS TO**
## **DEFENDANT, CIRCLE K STORES, INC.**

Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, MICHAEL NEELY,

requests that Defendant, CIRCLE K STORES admit or deny the following:

1.     Circle K Stores, Inc. has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

2.     Circle K Stores, Inc. has been properly served with the summons and complaint.

3.     This matter has been filed within the statute of limitations.

4.     Venue is proper in Polk County, Florida.

5.     Plaintiff, Michael Neely, was lawfully on the premises at the time of his slip and fall on January 15, 2020.

6.     Plaintiff, Michael Neely, was a business invitee at the time of his slip and fall on January 15, 2020.

7.     Plaintiff, Michael Neely, slipped and fell in the Circle K Stores located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, on January 15, 2020.

8.     Plaintiff, Michael Neely, suffered injuries as a result of the fall in the Circle K Stores located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, on January 15, 2020.

9.     Circle K Stores was the owner of the premise located at 12911 North Telecom Parkway, Temple Terrace, FL.

10.    Circle K Stores was the owner of the property where the premise in question is located.

11.    Circle K Stores has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on January 15, 2020.

12.    Circle K Stores has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on January 15, 2020.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, Circle K Stores.

Dated: <u>February 25, 2022</u>

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: hbarnes@rubensteinlaw.com
        jandujar@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:    <u>/s/ *Heather Barnes*</u>
        **HEATHER BARNES**
        Florida Bar No.:
        85522

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MICHAEL NEELY,                              CIVIL DIVISION

                                            CASE NO.:

      Plaintiff,

v.

CIRCLE K STORES,

      Defendants.

_____/

## **REQUEST FOR DIVISION ASSIGNMENT**

    This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above-styled case in the:

      X    Tampa Division

           East Division

           Prior Division (Please indicate Case Number and Division of previously filed action

    I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

**Name of Attorney:**    **Heather Barnes, Esquire**

**Address:**              **RUBENSTEIN LAW, P.A**
                      **9130 S. Dadeland Blvd, PH**
                      **Miami, FL 33156**

**Phone Number:**       **(305) 661-6000**

**Email Address:**       eservice@rubensteinlaw.com

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                          CIVIL DIVISION

     Plaintiff                                        CASE NO.:

v.

CIRCLE K STORES,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT, CIRCLE K STORES

Plaintiff, MICHAEL NEELY, requests Defendant, CIRCLE K STORES, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at RUBENSTEIN LAW, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

1.     The employee safety manual or other written document of the Defendant in effect on January 15, 2020 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2.     Any and all policies and/or procedures of the Defendant in effect on January 15, 2020 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3.     Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on January 15, 2020.

4.     Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5.     Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6.     Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the Circle K located 12911 North Telecom Parkway, Temple Terrace, FL 33637, Hillsborough County, on January 15, 2020, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10.     A list of the names and addresses (including clock-in/time records) of all employees employed at the Circle K located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, Hillsborough County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11.     Any and all incident reports or accident reports pertaining to the subject incident.

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13.     All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on January 15, 2020.

14.     A copy of any report created as a result of Plaintiff's incident on January 15, 2020, that was signed and/or filled out by Plaintiff.

15.     A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on January 15, 2020.

16.     A map (aerial view) of the Defendant's store located at 12911 North Telecom Parkway, Temple Terrace, FL. identifying the layout of the store as it existed on the date of the incident.

17.     A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18.     Any document, photograph, or video, identified in your answers to interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the

Complaint and Summons and served to the Defendant, CIRCLE K STORES.

Dated: February 25, 2022

<div style="margin-left:40%">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: hbarnes@rubensteinlaw.com
        jandujar@rubensteinlaw.com
        eservice@rubensteinlaw.com


By:   /s/ *Heather Barnes*
      **Heather Barnes**
      Florida Bar No.: 85522

</div>



## Stacy M. Butterfield

*Clerk of the Circuit Court and County Comptroller*
*Polk County, Florida*

Drawer CC-12
Post Office Box 9000
Bartow, FL  33831-9000

(863)534-4000 Phone
(863)534-4045  Fax

www.polkcountyclerk.net

Civil Law

February 28th, 2022

Re:  Case No. 2022CA-000609-0000-LK

MICHAEL NEELY
vs.
CIRCLE K STORES

To: Rubenstein Law P.A.

Address: 401 E Jackson Street
            Tampa, FL  33602

Dear Heather Barnes

The Civil Law Department has filed the above-mentioned case.  However, the summons was issued in error because payment was not rendered.  A fee of $10.00 (F.S. 28.241(1)(D) per defendant is due.

Should you have any questions, please feel free to contact the Civil Law Department at (863) 534-4556.

Sincerely,
STACY M. BUTTERFIELD, CPA, Clerk of the Circuit Court


By _Monica Mathis__, Deputy Clerk


Encl.

*The Mission of the Office of Clerk of the Circuit Court is to function as a team dedicated to our customers by*
*preparing and maintaining accurate records, furnishing assistance in an understanding and compassionate manner, and*
*providing services with competence, professionalism, and courtesy in compliance with laws, rules and regulations.*

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Polk | Circuit Court |

Case Number: 2022CA-000609-0000-LK

Plaintiffs:
**MICHAEL NEELY,**

vs.

Defendant:
**CIRCLE K STORES,**

For:
HEATHER BARNES
RUBENSTEIN LAW, P.A.
401 E. JACKSON STREET, SUITE 1410
TAMPA, FL 33602

Received by JANICE WATSON on the 28th day of February, 2022 at 9:57 am to be served on **CIRCLE K STORE, 3808 DEESON ROAD, LAKELAND, Polk County, FL 33810.**

I, JANICE WATSON, do hereby affirm that on the **28th day of February, 2022 at 4:38 pm,** I:

served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS, COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT, CIRCLE K STORES, PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, CIRCLE K STORES, INC. PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, CIRCLE K STORES, PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT, CIRCLE K STORES,** with the date and hour of service endorsed thereon by me, to: **SAMANTHA R. as (LEAD CUSTOMER REPRESENTIVE)** at the address of: **3808 DEESON ROAD, LAKELAND, Polk County, FL 33810,** who stated they are authorized to accept service for **CIRCLE K STORE,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 23, Sex: F, Race/Skin Color: WHITE, Height: 5'0", Weight: 120, Hair: BLONDE, Glasses: Y

I AM OVER THE AGE OF 18, AND HAVE NO INTEREST IN THE ABOVE ACTION. PURSUANT TO FLORIDA STATUTE 92.525, AND UNDER PENALTY OF PERJURY, I DECLARE THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.

JANICE WATSON
CA-249

PDK INVESTIGATIONS
13014 N. Dale Mabry Hwy., # 164
Tampa, FL 33618
(813) 495-5111

Our Job Serial Number: JSW-2022000137

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1w

**IN THE CIRCUIT COURT**
**OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

<div align="right">

**CASE NUMBER: 53-2022-CA-000609-0000-LK**
**Civil Division 04 - MOORE**

</div>

**NEELY, MICHAEL,**
    **Plaintiff,**

**-vs-**

**CIRCLE K STORES,**
    **Defendant.**

-------------------------------------------------------------------------------------

## ORDER ESTABLISHING CIVIL CASE MANAGEMENT PLAN

I. **Case Track Assignment:** Case disposition times for all case tracks have been established in accordance with the Florida Rules of General Practice and Judicial Administration 2.250(a)(1)(B).

> <u>General Track</u> -Case resolved within 18 months (includes jury trials).

> - Parties seeking to have a case designated as complex shall comply with Florida Rule of Civil Procedure Rule 1.201(a) by filing an appropriate motion to declare the case complex.

II. **Case Deadlines and Events:**

Deadlines for service of complaints, service under extensions, and adding new parties:

- Within 120 days of the date the complaint was filed, unless the court grants an extension, which shall not exceed 240 days from the date the complaint was filed.

Deadlines to complete fact and expert discovery for Plaintiff(s) and Defendant(s):

- Within 450 days of the date the complaint was filed.

The deadline for objections to pleadings and/or pretrial motions:

- To be heard within 45 days of the date the objection or pretrial motion was filed. No motions/objections will be heard after pretrial conference.

---

**2022CA-000609-0000-LK**       **Received in Polk 03/15/2022 01:07 PM**

Deadline for mediation to have occurred:

- Within 450 days of the date the complaint was filed.

Projected date of trial:

- Within 18 months of the date the complaint was filed (a firm trial date will be ordered when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440)

III. **Trial Information:**

Notices for trial: within 10 days of the case being at issue as defined by Rule 1.440, FLA. R. Civ. P., the plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a notice of readiness for trial.  The plaintiff shall forward a copy of the notice of readiness for trial to the judicial assistant at swashington@jud10.flcourts.org and a trial will be scheduled within the deadline set forth above.

The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the Court.  The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability.  However, once the Civil Case Management Plan has been approved by the Court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines.  The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.

**DONE AND ORDERED** in Bartow, Polk County, Florida on this Tuesday, March 15, 2022.

Dana Moore, Circuit Judge
53-2022-CA-000609-0000-LK 03/15/2022 12:37:48 PM

BARNES HEATHER N        CIRCLE K STORES
hbarnes@rubensteinlaw.com  3808 DEESON ROAD
jandujar@rubensteinlaw.com  LAKELAND, FL 33810
eservice@rubensteinlaw.com

**2022CA-000609-0000-LK        Received in Polk 03/15/2022 01:07 PM**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,

      Plaintiff,

v.

CIRCLE K STORES,

      Defendant.

_____ /

CIVIL DIVISION

CASE NO.:

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Interrogatories, Request for Production and Request for Admission in this action on Defendant:

**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Heather Barnes, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH, Miami FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED ON: on this _____ day of   03/31/2022   , 2022.

                        STACY M. BUTTERFIELD
                        Clerk of Said Court

                        BY:          As Deputy

                        Clerk (Court Seal)

## RETURN OF SERVICE

State of Florida

County of Polk

Circuit Court

Case Number: 53-2022-CA-000609-0000-LK

Plaintiff:
**MICHAEL NEELY**

vs.

Defendant:
**CIRCLE K STORES**

For:
HEATHER BARNES, ESQ.
RUBENSTEIN LAW, P.A. (TAMPA)
401 E. JACKSON STREET
SUITE # 1410
TAMPA, FL 33063

Received by Executive Express Courier Services, LLC. on the 6th day of April, 2022 at 4:38 pm to be served on CIRCLE K STORES, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301

I, Christopher Compton, do hereby affirm that on the **7th day of April, 2022 at 11:00 am,** I:

SERVED the within named corporation by delivering a true copy of the Summons, Complaint For Damages And Demand For Jury Trial,Interrogatories, Request For Production, Request For Admissions AND Order with the date and hour of service endorsed thereon by me to: SHEENA BLACK as employee of the Registered Agent (Company) for CIRCLE K STORES, at 1201 HAYS STREET, TALLAHASSEE, FL 32301 and informed said person of the contents therein, pursuant to F.S. 48.081

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).



Christopher Compton
Certified Process Server # 101

Executive Express Courier Services, LLC.
4460 N.W. 73 Ave
Miami, FL 33166
(305) 371-0292

Our Job Serial Number: JRT-2022053780
Ref: 317099 NEELY VS CIRCLE K

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

2022CA-000609-0000-LK        Received in Polk 04/07/2022 06:18 PM

Filing # 146722592 E-Filed 03/30/2022 02:15:44 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,

    Plaintiff,

v.

CIRCLE K STORES,

    Defendant.

_____ /

CIVIL DIVISION

CASE NO.:

53-2022-CA-000609-0000-LK

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Interrogatories, Request for Production and Request for Admission in this action on Defendant:

**CORPORATION SERVICE COMPANY**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Heather Barnes, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH, Miami FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED ON: on this _____ day of   03/31/2022   , 2022.

STACY M. BUTTERFIELD
Clerk of Said Court

BY: _____ As Deputy

Clerk (Court Seal)

**2022CA-000609-0000-LK**      **Received in Polk 03/30/2022 02:50 PM**

**2022CA-000609-0000-LK**      **Received in Polk 04/07/2022 06:18 PM**

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-000609

MICHAEL NEELY,

                    Plaintiff,

vs.

CIRCLE K STORES, INC.,

                    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

    Defendant, Circle K Stores, Inc., by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses and states:

1)    Admit for jurisdictional purposes only, otherwise denied.

2)    Without knowledge, therefore denied.

3)    Admit for jurisdictional purposes only.

4)    Admit for venue purposes only.

5)    Admit.

6)    Denied.

## COUNT I - NEGLIGENCE CLAIM AGAINST CIRCLE K STORES

7)    Defendant incorporates its responses to paragraphs 1-6 above.

8)    Admitted.

9)    Denied.

10)   Admitted that Circle K owed those duties prescribed by Florida law. Otherwise, denied.

11)   Denied, including all subparts.

12)   Denied.

13)    Denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, some of which may be affirmative defenses. Discovery and investigation are ongoing. Accordingly, Defendant reserves the right to amend or supplement this Answer to assert such additional Affirmative Defenses and/or applicable conditions and limitations as may become apparent during the continuing course of discovery and investigation in this action. Furthermore, Defendant reserves the right to withdraw any affirmative defense.

### FIRST AFFIRMATIVE DEFENSE

Defendant states that the alleged injuries sustained by the Plaintiff were caused or contributed to by the acts or negligence of the Plaintiff, thus barring the claim in whole or in part, that by pleading comparative negligence, Defendant does not admit any liability on their part.

### SECOND AFFIRMATIVE DEFENSE

Defendant states that the damages, if any, suffered by the Plaintiff, were due to or occasioned solely by third parties, agencies, persons, forces or instrumentalities outside and beyond the control of Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant states the alleged injuries and/or damages sustained by the Plaintiff were caused by the intervening actions and/or negligence of third parties who were not under control of Defendant which bars recovery against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to mitigate damages in this case, which failure to mitigate should reduce his claim for damages in direct proportion thereto.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff knew of the existence of the danger complained of in the

Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to danger.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Section 768.0755, Florida Statutes, applies to Plaintiff's claims. As a result, Plaintiff must prove Defendant had actual or constructive knowledge, as defined in Section 768.0755, of a dangerous condition and should have taken action to remedy said condition.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Fla. Stat. § 768.81, and <u>Fabre v Marin</u>, So. 2d 1182 (Fla. 1993), Defendant can only be held liable for its proportionate share of liability for Plaintiff's alleged damages, and therefore, Plaintiff's monetary recovery in this matter, if any, must be reduced by the proportionate share of liability assignable to all other persons and entities. Defendant reserves the right to supplement this Affirmative Defense as the case progresses.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that any injuries claimed by Plaintiff were pre-existing or caused by other incidents or medical conditions, and therefore, Defendant has no liability for causation of same.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for all collateral source payments paid or to be paid to or on behalf of Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire
RUBENSTEIN LAW. P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602
Email: hbarnes@rubensteinlaw.com

Email: janduiar@rubeinsteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: jhoffman@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant Circle K Stores,*
*Inc.*

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-000609

MICHAEL NEELY,

                Plaintiff,

vs.

CIRCLE K STORES, INC.,

                Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

Jennifer Anderson Hoffman, of the firm of Carr Allison, whose address is The Greenleaf and Crosby Building, 208 North Laura Street, Suite 1100, Jacksonville, Florida 32201-0447 hereby gives notice of her appearance as counsel for Defendant, CIRCLE K STORES, INC. in the above-entitled cause and pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), hereby designates the following primary and secondary e-mail addresses for electronic service of any and all pleadings in the above-referenced case:

      Primary Email:      jhoffman@carrallison.com

      Secondary Email:      kpollak@carrallison.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire
RUBENSTEIN LAW. P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602

Email: hbarnes@rubensteinlaw.com
Email: jandujar@rubeinsteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:    (904) 328-6473
Email: jhoffman@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant Circle K Stores, Inc.*

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                    CIVIL DIVISION

     Plaintiff,                                  CASE NO.: 2022-CA-000609-0000LK

v.

CIRCLE K STORES,

     Defendant.

_____/

## **PLAINTIFF'S NOTICE FOR JURY TRIAL**

PLEASE TAKE NOTICE that the above-entitled cause is now at issue and ready for jury

trial. It is estimated that the Trial will take approximately 5 days.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

submitted on this 20th day of May, 2022 to Jennifer A. Hoffman Esq. at Carr Allison, 208 North

Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com;

kpollak@carrallison.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
401 E. Jackson Street
Suite 1410
Tampa, FL 33602
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: hbarnes@rubensteinlaw.com
       jandujar@rubensteinlaw.com
       eservice@rubensteinlaw.com

By: _/s/ Heather Barnes_
**HEATHER BARNES**
Florida Bar No.: 85522

Case 8:22-cv-02556-NHA    Document 1    Filed 11/10/22    Page 40 of 104 PageID 40

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-000609

MICHAEL NEELY,

Plaintiff,

vs.

CIRCLE K. STORES, INC.

Defendant.

_____/

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant, CIRCLE K. STORES, INC. ("Defendant"), files and serves its responses to Plaintiff's Request for Admissions, and states:

1.    Circle K. Stores, Inc. has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

**RESPONSE: Admitted.**

2.    Circle K. Stores, Inc. has been properly served with the summons and complaint.

**RESPONSE: Admitted.**

3.    This matter has been filed within the statute of limitations.

**RESPONSE: Admitted.**

4.    Venue is proper in Polk County, Florida.

**RESPONSE: Admitted.**

5.    Plaintiff, Michael Neely, was lawfully on the premises at the time of his slip and fall on January 15, 2020.

**RESPONSE:  Objection, vague and ambiguous at to "premises."  Without waiving these objections, Defendant admits that Plaintiff was a business invitee on January 15, 2020 at the Circle K located at 3808 Deeson Rd., Lakeland, FL.**

6.    Plaintiff, Michael Neely, was a business invitee at the time of his slip and fall on January 15, 2020.

**RESPONSE: See response to #5.**

7.    Plaintiff, Michael Neely, slipped and fell in the Circle K. Stores located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, on January 15, 2020.

**RESPONSE:   Denied.**

8.    Plaintiff, Michael Neely, suffered injuries as a result of the fall in the Circle K. Stores located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, on January 15, 2020.

**RESPONSE:  Denied.**

9.    Circle K. Stores was the owner of the premises located at 12911 North Telecom Parkway, Temple Terrace, FL.

**RESPONSE: Denied.**

10.    Circle K. Stores was the owner of the property where the premise in question is located.

**RESPONSE:  Denied.**

11.    Circle K. Stores has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on January 15, 2020.

**RESPONSE:  Denied.**

12.    Circle K. Stores has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on January 15, 2020.

**RESPONSE:  Denied.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esq.
RUBESTEIN LAW, P.A.
9130 S. Dadeland, PH
Miami, FL 33156
Email:
hbarnes@rubensteinlaw.com
Email:
jandujar@rubensteinlaw.com
Email:
eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone:  (407) 783-6087
Facsimile:    (904) 328-6473
Email: jhoffman@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant, Circle K. Stores, Inc.*

**IN THE CIRCUIT COURT**
**OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

**CASE NUMBER: 53-2022-CA-000609-0000-LK**
**Civil Division 04 - MOORE**

**NEELY, MICHAEL,**
   **Plaintiff,**

**-vs-**

**CIRCLE K STORES,**
   **Defendant.**

.................................................................................................

## ORDER ESTABLISHING CIVIL CASE MANAGEMENT PLAN

I. **Case Track Assignment:** Case disposition times for all case tracks have been established in accordance with the Florida Rules of General Practice and Judicial Administration 2.250(a)(1)(B).

> <u>General Track</u> -Case resolved within 18 months (includes jury trials).

> - Parties seeking to have a case designated as complex shall comply with Florida Rule of Civil Procedure Rule 1.201(a) by filing an appropriate motion to declare the case complex.

II. **Case Deadlines and Events:**

Deadlines for service of complaints, service under extensions, and adding new parties:

- Within 120 days of the date the complaint was filed, unless the court grants an extension, which shall not exceed 240 days from the date the complaint was filed.

Deadlines to complete fact and expert discovery for Plaintiff(s) and Defendant(s):

- Within 450 days of the date the complaint was filed.

The deadline for objections to pleadings and/or pretrial motions:

- To be heard within 45 days of the date the objection or pretrial motion was filed. No motions/objections will be heard after pretrial conference.

---

**2022CA-000609-0000-LK**     **Received in Polk 07/26/2022 11:34 AM**

Deadline for mediation to have occurred:

- Within 450 days of the date the complaint was filed.

Projected date of trial:

- Within 18 months of the date the complaint was filed (a firm trial date will be ordered when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440)

III. **Trial Information:**

Notices for trial: within 10 days of the case being at issue as defined by Rule 1.440, FLA. R. Civ. P., the plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a notice of readiness for trial. The plaintiff shall forward a copy of the notice of readiness for trial to the judicial assistant at swashington@jud10.flcourts.org and a trial will be scheduled within the deadline set forth above.

The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability. However, once the Civil Case Management Plan has been approved by the Court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.

**DONE AND ORDERED** in Bartow, Polk County, Florida on this Tuesday, July 26, 2022.

Dana Moore, Circuit Judge
53-2022-CA-000609-0000-LK 07/26/2022 11:04:20 AM

BARNES HEATHER N                    HOFFMAN JENNIFER ANDERSON
hbarnes@rubensteinlaw.com           jhoffman@carrallison.com
pdelpinsosa@rubensteinlaw.com       kpollak@carrallison.com
eservice@rubensteinlaw.com          csmart@carrallison.com

2022CA-000609-0000-LK          Received in Polk 07/26/2022 11:34 AM

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

MICHAEL NEELY,                                    CIVIL DIVISION

     Plaintiff,                                    CASE NO.: 2022-CA-000609-0000LK

v.

CIRCLE K STORES,

     Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff, **MICHAEL NEELY,** files this Motion to Compel Defendant **CIRCLE K STORES, INC's** responses to Plaintiff's discovery, and states as follows:

1.    Contemporaneous with the Complaint, Plaintiff served Initial Interrogatories and Plaintiff's First Request for Production upon the Defendant, **CIRCLE K STORES** on April 7, 2022. *(See attached Exhibit "A" and "B.")*

2.    To date, Plaintiff has not received responses to the outstanding discovery and the Defendant has not filed objections to same.

3.    Plaintiff cannot properly prepare its case in this matter without the requested responses.

4.    Plaintiff previously provided extensions to Defendant. Plaintiff requested a status update via email on July 13, 2022, but no response was received.

WHEREFORE, Plaintiff, **MICHAEL NEELY,** hereby respectfully requests this Honorable Court enter an Order compelling the Defendant, **CIRCLE K STORES** to respond to outstanding discovery, together with whatever other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

submitted on this 29th day of July, 2022 to Jennifer A. Hoffman Esq. at Carr Allison, 208 North

Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com;

kpollak@carrallison.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email:  hbarnes@rubensteinlaw.com
           pdelpinsosa@rubensteinlaw.com
           eservice@rubensteinlaw.com

By: _/s/ Heather Barnes_
    **HEATHER BARNES**
    Florida Bar No.: 85522

2

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.:   2022-CA-000609

Michael Neely,

        Plaintiff,

vs.

Circle K. Stores,

        Defendant.

_____

## NOTICE OF PRODUCTION FROM NON-PARTY

TO ALL PARTIES:

YOU ARE NOTIFIED that after 10 days from the date of service of this Notice, if service is by delivery or Electronic service, if no objection is received from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena(s) directed to:

1) Associates MD
   4780 SW 64th Avenue, Ste. 104
   Davie, FL 33314

2) Associates MD
   722 Bowing Oak Drive
   Brandon, FL 33511-5974

3) Associates MD
   20004 N Flamingo Road
   Penbroke Pines, FL 33028-3500

4) BioSpine Institute
   3900 Millenia Blvd., Ste. 300
   Orlando, FL 32839

5) Inspire Home Healthcare
   14502 North Dale Mabry Highway, Ste. 200
   Tampa, Fl 33618

6) Johannes V. Blom, MD
   3702 Washington Street, Ste. 202
   Hollywood, FL 33021

7) Lakeland Regional Medical Center
   1324 Lakeland Hills Blvd.
   Lakeland, FL 33805

8)  Osprey Emergency Physicians
    P.O. Box 8250
    Philadelphia, PA 19101-8250

9)  Path Medical (Lakeland)
    6220 S. orange Blossom Trail, Ste. 200
    Orlando, FL 32809

10) Path Medical (Lakeland)
    809 South Florida Avenue
    Lakeland, Fl 33801

11) Path Medical- Absolute
    3117 W. Columbus Drive, Ste. 209
    Tampa, FL 33607

12) Polk County Fire Rescue
    P.O. Box 917734
    Orlando, FL 32891

13) Radiology & Imaging Specialists
    P.O. Box 20027
    Tampa, FL 33622-0027

14) Winter Haven Ambulatory Surgical Center
    325 Avenue B, NW
    Winter Haven, FL 33881

15) Gulf Coast Spine Institute
    P.O. Box 17900
    Clearwater, FL 33762-0900

who are not parties, to produce the items listed at the time and place specified in the subpoena(s).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire
RUBENSTEIN LAW. P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602
Email: hbarnes@rubensteinlaw.com
Email: janduiar@rubeinsteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:  (904) 328-6473
Email: jhoffman@carrallison.com
Secondary Email: kpollak@carrallison.com
Secondary Email: csmart@carrallison.com
*Attorneys for Defendant, Dollar Tree Stores,*
*Inc.*

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.:    2022-CA-000609

Michael Neely,

                    Plaintiff,

vs.

Circle K. Stores,

                    Defendant.

_____

## CERTIFICATE OF NON-OBJECTION
## IN COMPLIANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.351

      I HEREBY CERTIFY that no objection to production under Florida Rule of Civil Procedure 1.351 has been served upon the undersigned within ten (10) days of service via e-file/e-serve of the notice given to every other party of the intent to serve subpoenas upon:

1) Associates MD (Davie, FL)
2) Associates MD (Brandon, FL)
3) Associates MD (Penbroke Pines, FL)
4) BioSpine Institute
5) Inspire Home Healthcare
6) Johannes V. Blom, MD
7) Lakeland Regional Medical Center
8) Osprey Emergency Physicians
9) Path Medical (Orlando)
10) Path Medical (Lakeland)
11) Path Medical- Absolute
12) Polk County Fire Rescue
13) Radiology & Imaging Specialists
14) Winter Haven Ambulatory Surgical Center
15) Gulf Coast Spine Institute

who are not parties, to produce the items listed at the time and place specified in the subpoena(s).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of August, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire
RUBENSTEIN LAW. P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602
Email: hbarnes@rubensteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone: (407) 783-6090
Facsimile: (904) 328-6473
Email: jhoffman@carrallison.com
Secondary Email: kpollak@carrallison.com
Secondary Email: csmart@carrallison.com
*Attorneys for Defendant*

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                   CASE NO.:  2022-CA-000609

      Plaintiff,                                   CIVIL DIVISION

v.

CIRCLE K STORES,

      Defendant.

_____/

## **PLAINTIFF'S REQUEST FOR COPIES**

Pursuant to Rule 1.351(e), Florida Rules of Civil Procedure, Plaintiff hereby requests Defendant to furnish Plaintiff with a legible copy of each item furnished to Defendant by non-parties pursuant to the Notice of Intent to Serve a Subpoena Pursuant to Fla.R.Civ.P. 1.921 & 1.351 served by Defendant, **CIRCLE K STORES**, on August 1, 2022, and directed to the Records Custodian of:

1.     Associates MD
    4780 SW 64th Avenue, Suite 104
    Davie, FL 33314

2.     Associates MD
    722 Bowing Oak Drive
    Brandon, FL 33511-5974

3.     Associates MD
    20004 N Flamingo Road
    Pembroke Pines, FL 33028-3500

4.     BioSpine Institute

5.     Inspire Home Healthcare

6.     Johannes V. Blom, MD

7.     Lakeland Regional Medical Center

8.    Osprey Emergency Physicians

9.    Path Medical
      6220 S. Orange Blossom Trail, Ste. 200
      Orlando, FL 32809

10.   Path Medical
      809 South Florida Avenue
      Lakeland, FL 33801

11.   Path Medical - Absolute
      3117 W. Columbus Drive, Ste. 209
      Tampa, FL 33607

12.   Polk County Fire Rescue

13.   Radiology & Imaging Specialists

14.   Winter Haven Ambulatory Surgical Center

15.   Gulf Coast Spine Institute

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 16th day of August, 2022 to: Jennifer A. Hoffman, Esq., Carr Allison, The Greenleaf and Crosby Building, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202, jhoffman@carrallison.com, kpollak@carrallison.com, csmart@carrallison.com.

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 S. Dadeland Blvd, PH Suite
> Miami, FL 33156
> Tel: (305) 661-6000
> Fax: (305) 670-7555
> Email: hbarnes@rubensteinlaw.com
>          pdelpinsosa@rubensteinlaw.com
>          eservice@rubensteinlaw.com
>
>
> By:  /s/ Heather Barnes
>      **HEATHER BARNES**
>      Florida Bar No.: 85522

2

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-000609

MICHAEL NEELY,

        PLAINTIFF,

VS.

CIRCLE K. STORES, INC.,

        DEFENDANT.

_____/

## AMENDED NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS

Jennifer Anderson Hoffman and Charles R. Frederick, of the firm of Carr Allison, whose address is 121 S. Orange Avenue, Suite 1500, Orlando, FL 32801 hereby gives notice of their appearance as counsel for Defendant, CIRCLE K STORES, INC., in the above entitled cause and pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), hereby designates the following primary and secondary e-mail addresses for electronic service of any and all pleadings in the above-referenced case:

        Primary Email:      jhoffman@carrallison.com

        Primary Email:      rfrederick@carrallison.com

        Secondary Email:   kpollak@carrallison.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire
RUBENSTEIN LAW. P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602
Email: hbarnes@rubensteinlaw.com

Email: jandujar@rubeinsteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman, Esq.
Florida Bar No. 981605
Charles R. Frederick, Esq.
Florida Bar No. 1010962
CARR ALLISON
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone:  (407) 783-6087
Facsimile:   (904) 328-6473
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant*

<div align="right">
IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT IN AND
FOR POLK COUNTY, FLORIDA

CASE NO. 2022-CA-000609
</div>

MICHAEL NEELY,

       Plaintiff,

vs.

CIRCLE K. STORES, INC.,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Defendant, Circle K. Stores, Inc., ("Circle K"), by and through the undersigned attorney, and files this Motion for Protective Order pursuant to 1.280(c), Florida Rules of Civil Procedure and Memorandum of Law in Support as follows:

**I.**     **INTRODUCTION**

1. Plaintiff served Defendant with Plaintiff's Request for Production numbered one through eighteen, along with the Summons and Complaint. Plaintiff's Request for Production requested the disclosure of confidential, proprietary, development, commercial, and trade secret information.

2. Specifically, Plaintiff's requests the production of defendant's safety manuals, inspection manuals, and training manuals.

3. On August 8, 2022, Defendants emailed Plaintiff to communicate the necessity of a Confidentiality Order, attached a copy of Proposed Confidentiality Agreement. *A copy of said email is attached hereto as* **Exhibit "A".**

4. As of today, Plaintiff's counsel has failed to sign and return the Confidentiality Order.

5.  Plaintiff, by failing to cooperate in the securing of a Confidentiality Agreement to date, has effectuated unreasonable delay and unnecessary court resources in the instant litigation.

6.  Therefore, Defendant moves to this Court to enter a Protective Order regarding all discovery matters in this litigation.

## II.    LEGAL ARGUMENT

Plaintiff has filed discovery requests to Defendant. Defendant's disclosure of information responsive to Plaintiff's discovery requests would improperly disclose confidential, proprietary, development, commercial, and trade secret information. As such, the entry of a Protective Order is appropriate. Defendant respectfully request that this Court grant Defendant's Motion for Protective Order, conditioned upon the terms of Defendant's Proposed Confidentiality Order.

Florida Rule of Civil Procedure 1.280(c) states (emphasis added): "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents

or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of rule 1.380(a)(4) apply to the award of expense incurred in relation to the motion." Defendant's present sufficient argument and legal analysis asserting the fact that confidential, proprietary, development, commercial, and trade secret information should not be disclosed without Protective Order, conditioned upon the terms of Defendant's Proposed Confidentiality Order.

### A. Defendants should not disclose confidential information prior to the entrance of Protective Order.

Defendant respectfully requests that this Court grant Defendant's Motion for Protective Order, conditioned upon the terms of Defendant's Proposed Confidentiality Order, prior to Defendant's discovery disclosures, a said disclosures involve confidential, proprietary, development, commercial, and trade secret information.

In *Capital One, N.A.*, the District Court established that a confidentiality order was proper due to counsel's argument that the requested documents were confidential and that counsel would voluntarily produce said materials if the trial court entered an adequate confidentiality order. *See Capital One, N.A. v. Forbes*, 34 So.3d 209 (Fla. 2d DCA [TEXT REDACTED IN ORIGINAL SOURCE]). "Orders improperly requiring the disclosure of trade secrets or other proprietary information often create irreparable harm". *Grooms v. Distinctive Cabinet Designs, Inc.*, 846 So.2d 652, 654 (Fla. 2d DCA 2003). In *Goodyear Tire & Rubber Co.*, the District Court provides the circumstances in which blanket Confidentiality Orders are proper, indicating that Confidentiality Orders may allow the production of information which the parties designate as confidential, containing trade secrets and business information. *See Goodyear Tire & Rubber Co v. Schalmo*, 987 So.2d 142 (Fla. 2d DCA 2008). *Goodyear Tire & Rubber Co*. further states that Confidentiality

Orders are proper to protect alleged confidential information. *See Id*. In *Rocket Group, LLC*, Plaintiff requested the production of numerous documents, including Defendant's "company corporate income tax returns, financial statements, and internal documents concerning corporate governance. With respect to each request, Defendant responded that confidential business information was being sought, and objected to producing any of the requested documents until the court entered a mutually acceptable confidentiality order. It was willing to produce all the documents requested, conditioned upon such protections". *Rocket Group, LLc v. Jatib*, 114 So.3d 398, 399 (Fla. 4th DCA 2013). The District Court held that the trial court departed from the essential requirements of law when it compelled Defendant to produce all requested documents without first entering a Confidentiality Order. *See Id*. at 401.

Florida Statute 90.506 states: "A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee". *Ameritrust Ins. Corp. v. O'Donnell Landscapes, Inc*., 899 So.2d 1205, 1207 (Fla. 2d DCA 2005) *citing Sheridan Healthcorp, Inc. v. Total Health Choice, Inc*., 110 So.2d 221 (Fla. 3d DCA 2000); *Am. Express Travel Related Servs. V. Cruz*, 761 So.2d 1206 (Fla. 4th DCA 2000). Improper "disclosure of trade secrets or other proprietary information often create irreparable harm". *Grooms v. Distinctive Cabinet Designs, Inc*., 846 So.2d 652, 654 (Fla. 2d DCA 2003).

"A trade secret is a process or device for continuous use in the operation of the business… it may however, relate to the sale of goods or to other operations in the business, such as a code

for determining discounts, rebates or other concessions in a price list or catalogue, or a list of specialized customers, or a method of bookkeeping or other office management". *Summittbridge Nat'l Invs.*, 67 So.3d at 450, citing Restatement (first) of Torts § 757 cmt. b (1939); *See also Bestechnologies, Inc. v. Trident Envtl. Sys., Inc.*, 681 So.2d 1175, 1176 (Fla. 2d DCA 1996) (referring to Restatement (First) of Torts § 757 cmt. b in applying statutory definition of trade secret). In *Columbia Hospital (Palm Beaches) Limited Partnership,* Defendants in a negligence suit sought information from hospital to discover "the amount the hospital has charged patients with and without insurance, those with letters of protection, and differences in billing for litigation patients versus non-litigation patients". *Columbia Hospital (Palm Beaches) Limited Partnership v. Hassan*, 33 So.3d 148, 149 (Fla. 4th DCA 2010). In *Columbia Hospital (Palm Beaches) Limited Partnership*, the parties and the trial court agreed that the information was a protected trade secret. *See Id.* "A customer list that is not readily ascertainable by the public can be a trade secret" *Bright House Networks, LLC v. Cassidy*, 129 So.3d 501, 506 (Fla. 2d DCA 2014) *citing East v. Aqua Gaming, Inc.*, 805 So.2d 932, 934 (Fla. 2d DCA 2001); *Kavanaugh v. Stump*, 592 So.2d 1231, 1232 (Fla. 5th DCA 1992); *East Colonial Refuse Serv., Inc. v. Velocci,* 416 So.2d 1276, 1278 (Fla. 5th DCA 1982). *Sea Coast Fire, Inc.* provides that measures taken by courts to protect trade secrets include "allowing the disclosure of the trade secret to only counsel and not to the clients; and requiring all attorneys who request access to confidential information to first sign an attached agreement and be bound by its restrictions" *Sea Coast Fire, Inc. v. Triangle Fire, Inc.*, 170 So.3d 804, 810 (Fla. 3d DCA 2014). In *American Exp. Travel Related Services, Inc.*, the District Court required that trial court conduct an in-camera inspection of documents due to the fact that a party objected to production of items including a Company Manual, personnel information and investigative reports based on the assertion that such information was confidential and privileged.

*See American Exp. Travel Related Services, Inc. v. Cruz*, 761 So.2d 1206 (Fla. 4th DCA 2000). Plaintiff's discovery requests require the disclosure of information including but not limited to: company manual, billing, payment, invoices, payment relating to goods and services, specific details as to goods and services provided, contracts, employment and employee information, customer/client information, and operating information and agreements.

Based on the forgoing, the disclosures responsive to Plaintiff's discovery requests would improperly require Defendant's disclosure of confidential, proprietary, development, commercial, and trade secret information.

**III. CONCLUSION**

Defendant respectfully requests that this Court grant Defendant's Motion for Protective Order, conditioned upon the terms of Defendant's Proposed Confidentiality Order, prior to Defendant's voluntary discovery disclosures, as such disclosures involve confidential, proprietary, development, commercial, and trade secret information.

[Certificate of Service on the Following Page]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30th, 2022, I served a copy of the foregoing via electronic mail to the following:

Heather N. Barnes, Esquire
Rubenstein Law
400 W. Robinson St., Ste. N801
Orlando, FL 32801
Email: hbarnes@rubensteinlaw.com
Attorney for Plaintiff

*/s/ Charles R. Frederick, Esq.*
Charles R. Frederick, Esq.
Florida Bar No. 1010962
Jennifer A. Hoffman
Florida Bar No. 981605
CARR ALLISON
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone:  (407) 783-6087
Facsimile:   (904) 328-6473
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Attorney for Defendant, Circle K. Stores, Inc.

**EXHIBIT A**

## Karen Pollak

| | |
|---|---|
| **From:** | Charles R. Frederick |
| **Sent:** | Monday, August 8, 2022 4:22 PM |
| **To:** | Heather N. Barnes; Jennifer Hoffman |
| **Cc:** | Karen Pollak; Paola Delpin-Sosa |
| **Subject:** | RE: Michael Neely v. Circle K. Stores, Inc. / Case No.: 2022-CA-000609 |
| **Attachments:** | Confidentiality Agreement for Discovery Neely.docx |

Good afternoon,

We are currently in the process of finalizing the discovery responses but we anticipate that more time is necessary to get the verified responses. We would be asking for until August 15 to get the responses to your office. Please let us know if your office is amenable to the extension. In addition, our client has requested a confidentiality agreement which I have attached below in reference to some of the requested documents.

Thank you,

**From:** Heather N. Barnes <hbarnes@rubensteinlaw.com>
**Sent:** Friday, July 29, 2022 4:45 PM
**To:** Jennifer Hoffman <jhoffman@carrallison.com>
**Cc:** Karen Pollak <kpollak@carrallison.com>; Charles R. Frederick <rfrederick@carrallison.com>; Paola Delpin-Sosa <pdelpinsosa@rubensteinlaw.com>
**Subject:** Re: Michael Neely v. Circle K. Stores, Inc. / Case No.: 2022-CA-000609

Good afternoon,

We will not set the motion to compel until after August 10, in the hopes we receive the answers by then.

Have a good weekend -

Heather N. Barnes, Esq.

> On Jul 29, 2022, at 2:56 PM, Jennifer Hoffman <jhoffman@carrallison.com> wrote:
>
> Good afternoon – I am in receipt of your motion to compel. I thought I had responded to your email below, but it appears I overlooked it. Can you give us until Aug 10th to get you the answers? They are in draft form and we need to finalize with our client and get them signed. My apologies for leaving you in the dark.
>
> Also, Charles Frederick in my office is working on this matter so please include him going forward. We will be filing an amended notice of appearance. Thanks and have a nice weekend.
>
> **Jennifer A. Hoffman**
> *Attorney*

**From:** Heather N. Barnes <hbarnes@rubensteinlaw.com>
**Sent:** Wednesday, July 13, 2022 11:23 AM

1

**To:** Karen Pollak <kpollak@carrallison.com>
**Cc:** Jennifer Hoffman <jhoffman@carrallison.com>; Paola Delpin-Sosa
<pdelpinsosa@rubensteinlaw.com>
**Subject:** RE: Michael Neely v. Circle K. Stores, Inc. / Case No.: 2022-CA-000609

Good morning,

My review of the file indicates we still have not received responses to our discovery. Please provide at
your earliest convenience. If we do not receive responses by the end of the week, we will be forced to
proceed with a motion to compel.

Sincerely,

Heather N. Barnes
Attorney

Direct Line: (813) 582-3632
Direct Fax: (813) 582-3061
Toll Free: (800) FL-LEGAL (355-3425)
hbarnes@rubensteinlaw.com
www.rubensteinlaw.com



---

**From:** Heather N. Barnes
**Sent:** Monday, June 6, 2022 4:28 PM
**To:** Karen Pollak <kpollak@carrallison.com>
**Cc:** Jennifer Hoffman <jhoffman@carrallison.com>; Janetsy Andujar <jandujar@rubensteinlaw.com>
**Subject:** Re: Michael Neely v. Circle K. Stores, Inc. / Case No.: 2022-CA-000609

Sure, no problem.

Heather N. Barnes, Esq.

On Jun 6, 2022, at 4:26 PM, Karen Pollak <kpollak@carrallison.com> wrote:

You don't often get email from kpollak@carrallison.com. Learn why this is important

Good afternoon,

Our office represents Circle K. Stores, Inc. in the above-referenced matter. Can we
receive a one-week extension to respond to Plaintiff's Interrogatories and Request for
Production? Thank you for your professional courtesy.

**Karen Pollak**



2

121 S. Orange Ave., Suite 1500
Orlando, FL 32801

Telephone   **(407) 783-6087**
Facsimile    **(904) 328-6473**

<u>website</u> | <u>vCard</u> | <u>map</u> | <u>email</u>

Alabama • Florida • Georgia • Mississippi • Tennessee

CONFIDENTIALITY NOTICE:  This email, including any attachment(s), may contain privileged and confidential information and/or protected health information and is intended solely for the use of the named individual(s) and/or entity(ies) - not necessarily the email addressees. As such, it is protected by applicable state and federal laws and/or exempt from disclosure. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. If you have received this transmission in error, please notify the sender immediately and permanently delete this email and all attachments. If you are the intended recipient, by accepting this email you hereby agreeing to maintain the confidentiality of the information contained herein and comply with all state or federal laws regarding the same.

**2022CA-000609-0000-LK          Received in Polk 08/30/2022 05:24 PM**

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered in the matter of Michael Neely vs. Circle K Stores, Case No. 2022-CA-000609, pending in the 10th Judicial Circuit, in and for Polk County, Florida.

WHEREAS, the parties are engaged in discovery in this action, which requires production of documents and the potential for the appearance of one or more witnesses to provide testimony at depositions; and

WHEREAS, it has been alleged that anticipated discovery may involve disclosure of confidential and proprietary business, technical, and financial information.

WHEREAS, the parties desire to establish a process whereby differences regarding the need to protect certain documents and information may be resolved in an orderly and expedited manner;

Based upon the foregoing, and for good cause shown, IT IS HEREBY AGREED that:

1.      The parties to this Agreement will disclose documents that they designate as "Confidential and Proprietary" to the parties to this suit and their attorneys only pursuant to this Agreement and under the conditions that follow.

2.      Any and all aforesaid materials and the contents thereof shall be maintained in confidence by counsel for the parties.

3.      Any and all of the aforesaid materials shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4.      No person who examines any documents produced pursuant to this Agreement shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this Agreement.

5.      Counsel may permit witnesses to review the documents subject to this Agreement, but counsel must first obtain from said witnesses a written statement confirming their agreement to comply with every element of this Agreement. Said witnesses shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. In the event that a witness being deposed is unable or unwilling to formally agree to the terms of this Agreement in writing, the parties may still show the witness the document for purposes of the deposition, but must instruct the witness that the Agreement exists and that they must not disclose the materials to anyone outside of the context of the deposition.

6.      Notwithstanding the foregoing provisions, this Agreement shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7.      Notwithstanding the foregoing provisions, this Agreement shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Agreement and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8.      At the conclusion of this lawsuit by settlement, a jury verdict, non-suit, dismissal by judgment order or otherwise, all confidential materials, including any and all copies, or renditions made from the materials, shall be deleted from any computer systems, and/or returned to the disseminating party within thirty (30) days.

9.      A breach of the terms of this Agreement by the parties or their counsel shall entitle the non-breaching party to appropriate sanctions, including, but not limited to, attorney's fees and costs incurred in the enforcement of this Agreement.

10.     If the parties dispute the confidentiality of a document, the party questioning the confidentiality of the document can petition the Court to determine whether it is confidential.


_____                    ___/s/ Charles R. Frederick_____
*Attorney for Plaintiff*                     Charles R. Frederick, Esq.
                                             Florida Bar No. 1010962
                                             Jennifer A. Hoffman, Esq.
                                             Florida Bar No. 981605
                                             CARR ALLISON
                                             121 S, Orange Avenue, Suite 1500
                                             Orlando, FL 32801
                                             Telephone:  (407) 783-6087
                                             Email: rfrederick@carrallison.com
                                             Email: jhoffman@carrallison.com
                                             Secondary Email:kpollak@carrallison.com
                                             *Attorneys for Defendant*

IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT, IN AND FOR POLK COUNTY, FLORIDA

CASE NO.:   2022-CA-000609

MICHAEL NEELY,

                 PLAINTIFF,

VS.

CIRCLE K. STORES, INC.,

                 DEFENDANT.

_____/

## CIRCLE K. STORES, INC.'S NOTICE OF SERVICE OF VERIFIED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Notice is hereby given that Defendant, CIRCLE K. STORES, INC., served its Verified Answers to Interrogatories to Plaintiff, MICHAEL NEELY Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esq.
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd. PH
Miami, FL 33156
Email:
hbarnes@rubensteinlaw.com
Email:
jandujar@rubensteinlaw.com
Email:
eservice@rubensteinlaw.com
*Attorney for Plaintiff*

                                      /s/ Jennifer A. Hoffman
                                      Jennifer A. Hoffman
                                      Florida Bar No. 981605
                                      Charles R. Frederick
                                      Florida Bar No. 1010962

CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant, Circle K. Stores, Inc.*

2

IN THE CIRCUIT COURT, TENTH
JUDICIAL CIRCUIT, IN AND FOR POLK
COUNTY, FLORIDA

CASE NO.:  2022-CA-000609

MICHAEL NEELY,

                       PLAINTIFF,

VS.

CIRCLE K. STORES, INC.,

                       DEFENDANT.

_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, CIRCLE K. STORES, INC. ("Defendant"), by and through undersigned counsel and pursuant to Rule 1.350, Fla. R. Civ. P., responds to Plaintiff's Request for Production as follows:

1.     The employee safety manual or other written document of the Defendant in effect on January 15, 2020 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

**RESPONSE: Objection, this request seeks documents that contain confidential, business, proprietary information not to be disclosed outside this litigation. Notwithstanding this objection, please see requested documents provided under separate cover.**

2.     Any and all policies and/or procedures of the Defendant in effect on January 15, 2020 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

**RESPONSE: None.**

3.      Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on January 15, 2020.

**RESPONSE:  None.**

4.      Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

**RESPONSE:  None.**

5.      Any and all statements obtained from any person concerning any of the issues in this lawsuit.

**RESPONSE:  None.**

6.      Any and all insurance policies that do or may provide coverage of any of Plaintiff's claims, injuries, or damages described in the Complaint, including umbrella and excess policies.

**RESPONSE: Please see requested documents provided under separate cover.**

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the Circle K. located 12911 North Telecom Parkway, Temple Terrace, FL 33637, Hillsborough County, on January 15, 2020, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

**RESPONSE:   None.**

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

**RESPONSE:  Please see requested documents provided under separate cover.**

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defense herein, if any, are based.

**RESPONSE: Objection, overbroad, vague, and calls for a legal conclusion.**

10.    A list of the names and addresses (including clock-in/time records) of all employees employed at the Circle K. located at 12911 North Telecom Parkway, Temple Terrace, FL 33637, Hillsborough County, on duty on the floor/area where Plaintiff fell on the day of the incident.

**RESPONSE: Please see requested documents provided under separate cover.**

11.    Any and all incident reports or accident reports pertaining to the subject incident.

**RESPONSE: None.**

12.    A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

**RESPONSE: None.**

13.    All checklists, sign-off sheets, log boots, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on January 15, 2020.

**RESPONSE: None.**

14.    A copy of any report created as a result of Plaintiff's incident on January 15, 2020, that was signed and/or filled out by Plaintiff.

**RESPONSE: None.**

15.    A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on January 15, 2020.

**RESPONSE: None.**

16.    A map (aerial view) of the Defendant's store located at 12911 North Telecom Parkway, Temple Terrace, FL, identifying the layout of the store as it existed on the date of the incident.

**RESPONSE: Please see requested documents produced under separate cover.**

17.    A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance camera depict/capture.

**RESPONSE: None.**

18.    Any document, photograph, or video, identified in your answers to interrogatories.

**RESPONSE: Please see requested documents produced under separate cover.**

[Certificate of Service on the Following Page]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esq.
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd. PH
Miami, FL 33156
Email:
hbarnes@rubensteinlaw.com
Email:
jandujar@rubensteinlaw.com
Email:
eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
Charles R. Frederick
Florida Bar No. 1010962
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Secondary Email: kpollak@carrallison.com
*Attorney for Defendant, Circle K. Stores, Inc.*

**IN THE CIRCUIT COURT**
**OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

**CASE NUMBER: 53-2022-CA-000609-0000-LK**
**Civil Division 04 - MOORE**

**NEELY, MICHAEL,**
   **Plaintiff,**

**-vs-**

**CIRCLE K STORES,**
   **Defendant.**

...............................................................................................

## ORDER SCHEDULING PRETRIAL CONFERENCE AND JURY TRIAL AND DIRECTING MEDIATION-VIRTUAL

   **THIS ACTION** is at issue pursuant to Fla. R. Civ. P. 1.200(a)(2), and  1.440(c), the following is hereby **ORDERED:**

1. **SCHEDULE.**  The Pretrial Conference is set on **Thursday, July 06, 2023** at  **9:00am** before the undersigned Judge.

   **PLEASE TAKE FURTHER NOTICE** that the above-noticed hearing shall take place remotely via Microsoft Teams Videoconferencing, at the Polk County Courthouse, 255 N. Broadway, Bartow, Florida. To participate in the hearing, click the following:  Click here to enter Polk Civil Division 04 Virtual Courtroom.  The link is also accessible from Court Administration's web site through this procedure:  Navigate through the browser to http://www.jud10.flcourts.org/.  On the right side of the page, click "Click here for Polk County Virtual Courtroom Links", then click "Polk Circuit Civil", then click "Click here to enter Polk Civil Division 04 Virtual Courtroom".

   The Jury Trial in this cause has been set for 5 days during the two-week trial block beginning **on Monday, July 17, 2023 at  8:30am,** in Courtroom 7B of the Polk County Courthouse, 255 North Broadway Avenue, Bartow, Florida.

**2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM**

2. **CONFLICTS.  Within ten (10) days of this Order**, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial, (b) if a scheduling conflict exists, (c) if discovery cannot be completed by te Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management are needed, whereupon a Case Management Conference may be set by counsel or ordered by the Court.  The Court recognizes that most scheduling conflicts will resolve themselves.  However, if a conflict about which the Court has been notified persists, it could later be good cause for a continuance.

3. **CONTINUANCES.**   No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.  *See* Florida Rules of Judicial Administration, Rule 2.545(e).  Conflicts about which the Court has been notified pursuant to Paragraph 2 will be persuasive.

4. **DISCLOSURE OF WITNESSES AND EXHIBITS.**

   a. Non-Expert witnesses:

   Within 30 days of this Order, each party shall provide the other with a witness list of the names and addresses (sufficient for service of subpoena), "of all persons believed or known... to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which has witness has knowledge" Florida Rules of Civil Procedure, Appendix, Standard Interrogatories Forms 1 and 2.  The subject matter about which the witness has knowledge is particularly important.  The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in Florida Rules of Civil Procedure 1.200(b)(1)-(5).

   b. Expert witnesses:

   Within 30 days of this Order, each party shall provide the other with a list of names and addresses (sufficient for service of subpoena) of all experts who are expected to be called to testify at trial so that expert discovery is completed by the time of the Pretrial Conference.  Thereafter, not later than 60 days before the Pretrial Conference, the parties shall exchange additional information about each expert actually testifying to include the expert's specialty, the subject matter on which the expert is expected to testify, the substance of the facts and opinions about which the expert is expected to testify, and a summary of the grounds for each opinion.

**2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM**

c. Exhibits:

> Within 30 days of this Order, each party shall provide the other with a list of all potential exhibits, copies of which shall be provided promptly to opposing counsel. Newly discovered exhibits shall be immediately provided.

> Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

5. **CONSULTATION. _At least fifteen (15) days before Pretrial Conference_,** Plaintiff's counsel shall conduct a conference, by telephone or in person, with all counsel cooperating in order to :
   a. Discuss settlement.

   b. Arrange to examine all trial exhibits and demonstrative aids.

   c. Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

   d. Review the six (6) items found in Rule 1.200(b), Fla. R. Civ. P., in preparation for the Pretrial Conference.

   e. Prepare mutual stipulation and proposed Pretrial Order as required below.

6. **MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER. _At least three (3) working days before Pretrial Conference,_** a Mutual Stipulation (in one document) shall be submitted directly to the Court's Chambers.  Plaintiff's counsel shall have the responsibility for drafting the Mutual Stipulation which shall contain:

   a. A statement of the case agreed to by the parties containing:
      1. Paragraph, agreed to by the parties, describing the overall case.
      2. Paragraph from each party containing the contentions of that party.
      3. Paragraph from the Plaintiff concerning the relief sought.

      > These paragraphs shall be brief and to the point.  In jury trials, the Court will probably read these paragraphs to the jury.  (Counsel may simply update the Statement of the Case provided for mediation.)

   b. A list of pleadings upon which the case will go to trial.

**2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM**

   c. A statement of
     1. Facts admitted by the parties.
     2. Factual issues remaining to be litigated.

   d. A statement of
     1. All matters requiring action by the Court.
     2. Legal and evidentiary issues likely to arise at trial.
     3. Anticipated special instructions beyond standard instructions.

   e. A list of witnesses that each party reasonably anticipates will be called to testify at trial. (Previously submitted lists, as updated, may be attached.)

   f. A list of all exhibits and demonstrative aids. Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.

   g. An indication of which party will secure the court reporter, if any.

   h. A statement confirming and attesting that counsel have complied with paragraphs 4, 5, and 12 of this Order.

   i. The signature of counsel for each party.

  Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

   a. The incorporated mutual Pretrial Stipulation.
   b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla. R. Civ. P. 1.200(d).

7. **DISCOVERY.** The Court directs that all discovery shall be completed before Pretrial Conference. Discovery conducted thereafter will be at the risk of counsel.

8. **MOTIONS.** No Motions will be heard at or after the Pretrial Conference absent compelling circumstances and consent of the Court.

**2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM**

9. **ATTENDANCE.** Each party shall be represented at the Pretrial Conference by the attorney who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of Fla. R. Civ. P/ 1.200(b). If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; *See,* Fla. R. Civ. P. 1.200(b)], then the party must also be present.

10. **JURY INSTRUCTIONS.** Plaintiff shall provide a complete set of proposed jury instruction. Defendant shall provide only special instructions not included in Plaintiff's submission. The proposed instructions will be submitted at such time as the Judge shall direct. **All instructions will be in a form suitable for submission to the jury.** (The face sheet is to identify the proposing party and contain a numbered list of the proposed instruction. The instructions may be correspondingly numbered. A party may attach citations of authority to individual instructions. No such information shall be contained on the face of the instructions.)

11. **SETTLEMENT. In the event this case settles, Plaintiff's counsel shall immediately notify the undersigned judge.**

12. **MEDIATION:**
   a. This case is ordered to mediation.

   b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and their compensation. If achieved, Plaintiff's counsel shall file a notice containing this information in the record. If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and set compensation.

   c. Plaintiff's attorney shall
      1. Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial Conference.
      2. Confirm the date, time, and place of the mediation conference by letter to all concerned. The mediation conference shall occur prior to the Pretrial Conference.

   d. At least ten (10) days in advance of the mediation conference, Plaintiff's attorney shall schedule a conference for all counsel, either in person or by telephone, for the purpose of presenting a Statement of the Case to the mediator at least five (5) days in advance of the mediation. The statement of the case shall contain:

2022CA-000609-0000-LK          **Received in Polk 10/03/2022 11:52 AM**

1. A concise paragraph agreed to by the parties describing the overall case;
2. A paragraph from each party containing the contentions of that party; and
3. A paragraph from Plaintiff concerning the relief sought.

These paragraphs shall be brief and to the point and of the kind utilized later in the Pretrial Stipulation for the trial judge to read to the jury.

e. Each party shall be represented at the mediation conference by the person who will try the case. The parties must also be present. A corporate party must be represented by a managing agent. An insured party must also have a representative present with full (not limited) authority to settle the case. A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court. Sanctions may include taxing of fees and costs for the participants and the mediator.

f. All discussions, representations and statements made at the mediation conference shall be absolutely privileged and nothing related to the conference shall be admitted at trial or be subject to discovery.

g. In the event the parties settle the case, a binding agreement shall be immediately reduced to writing and executed by counsel and all parties before the conference ends.

h. FEES AND COSTS. Plaintiff's counsel shall assure that all fees and costs of mediation have been paid before distribution of any settlement proceeds. If the case is to proceed to trial, these expenses shall be satisfied prior to the trial date.

i. The mediator shall provide the Court with mediation report five (5) days before Pretrial Conference, unless otherwise ordered by the Court.

13. **COMMUNICATIONS NOTICING COURT PROCEEDINGS.** All communications noticing Court proceedings including, but not limited to, subpoenas for trial, jury summons, notices of hearings, notices for depositions and all other Court-related proceedings shall provide that a person with a disability who needs a special accommodation shall contact the Office of the Court Administrator to insure that reasonable accommodations are available. Such communications noting Court proceedings shall include the following substantive language:

**If you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court**

2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM

**Administrator 255 N. Broadway Ave., Bartow, FL 33830 (863-534-4686) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**DONE AND ORDERED** in Bartow, Polk County, Florida, on this Tuesday, September 27, 2022.

Dana Moore, Circuit Judge
53-2022-CA-000609-0000-LK 09/27/2022 09:08:52 AM

BARNES HEATHER N
hbarnes@rubensteinlaw.com
pdelpinsosa@rubensteinlaw.com
eservice@rubensteinlaw.com

HOFFMAN JENNIFER ANDERSON
jhoffman@carrallison.com
kpollak@carrallison.com
csmart@carrallison.com

FREDERICK CHARLES R
rfrederick@carrallison.com

**If you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator 255 N. Broadway Ave., Bartow, FL 33830 (863-534-4686) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2022CA-000609-0000-LK          Received in Polk 10/03/2022 11:52 AM

IN THE CIRCUIT COURT, TENTH
JUDICIAL CIRCUIT, IN AND FOR
POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-000609

MICHAEL NEELY

                Plaintiff,

vs.

CIRCLE K STORES, INC.,

                Defendant,

_____/

### **DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER BY INTERLINEATION**

Defendant, Circle K Stores, Inc., by and through its undersigned counsel and pursuant to Rule 1.190(a) of the Florida Rules of Civil Procedure, seeks entry of an Order granting it leave to amend its Answer, by interlineation, to Plaintiff's Complaint, and as grounds in support states:

1.  The Plaintiff in this slip and fall case is seeking damages for injuries they allegedly suffered as a result of a water leak.

2.  In Plaintiff's Complaint, Plaintiff alleges that Circle K Stores, Inc. was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in Temple Terrace, Hillsborough County, Florida.

3.  Circle K Stores, Inc. responded by admitting to Plaintiff's assertion for jurisdictional purposes only in Circle K Stores, Inc.'s Answer to Plaintiff's Complaint.

4.  Circle K Stores, Inc.'s response was made in error as they are not a Florida Corporation, but rather a Texas Corporation with their principle place of business in Tempe, Arizona.

5.  This is Circle K Stores, Inc.'s first motion to amend its Answer, and no party will be

prejudiced by allowance of the proposed amendment. See *Collado v. Baroukh*, 226 So. 3d 924, 927 (Fla. 4th DCA 2017) (leave to amend should be freely given and only denied "if the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile").

6.   Therefore, Circle K Stores, Inc. respectfully requests that this Court enter an Order allowing it to amend its Answer, by interlineation, and for such further relief as this Court deems just and proper.

WHEREFORE, Defendant, Circle K Stores, Inc., respectfully request that this Court enter an Order granting it permission to amend its Answer, by interlineation, and for such further relief as this Court deems just and proper.

[Certificate of Service on the Following Page]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 10th day of October, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esquire.
RUBENSTEIN LAW, P.A.
401 E. Jackson Street
Suite 1410 Tampa, FL 33602
Email: hbarnes@rubensteinlaw.com
Email: jandujar@rubensteinlaw.com
Email: eservice@rubensteinlaw.com
*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman
Florida Bar No. 981605
Charles R. Frederick
Florida Bar No. 1010962
121 S. Orange Avenue, Ste. 1500
Orlando, FL 32801
Telephone:  (407) 783-6087
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Secondary Email: kpollack@carrallison.com
*Attorney for Defendant Circle K Stores, Inc.*

IN THE CIRCUIT COURT, TENTH
JUDICIAL CIRCUIT, IN AND FOR POLK
COUNTY, FLORIDA

CASE NO.:  2022-CA-000609

MICHAEL NEELY,

                 PLAINTIFF,

VS.

CIRCLE K. STORES, INC.,

                 DEFENDANT.

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant, Circle K. Stores, Inc., by and through their undersigned attorney, pursuant to Florida Rule of Civil Procedure 1.370, serves this Request for Admissions and asks Plaintiff, Michael Neely, to admit or deny the following:

1. Admit that Plaintiff is seeking in excess of $75,000 in damages, exclusive of fees and costs.

2. Admit that Plaintiff's medical bills related to the incident are in excess of $75,000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th  day of October, 2022, I electronically filed the foregoing with the Florida Courts E-Filing Portal, which will serve it on the following counsel of record via electronic mail:

Heather Barnes, Esq.
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd. PH
Miami, FL 33156
Email: hbarnes@rubensteinlaw.com
Email:jandujar@rubensteinlaw.com
Email:eservice@rubensteinlaw.com

*Attorney for Plaintiff*

/s/ Jennifer A. Hoffman
Jennifer A. Hoffman, Esq.
Florida Bar No. 981605
Charles R. Frederick
Florida Bar No. 1010962
CARR ALLISON
121 S. Orange Ave., Suite 1500
Orlando, FL 32801
Telephone:  (407) 738-6087
Facsimile:    (904) 328-6473
Email: jhoffman@carrallison.com
Email: rfrederick@carrallison.com
Secondary Email: kpollak@carrallison.com
Secondary Email: csmart@carrallison.com
Attorneys for Defendant, Circle K. Stores, Inc.

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,

     Plaintiff

v.

CIRCLE K STORES,

     Defendant.

_____/

CIVIL DIVISION

CASE NO.:  2022-CA-000609-0000LK

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

The Plaintiff, MICHAEL NEELY, by and through the undersigned counsel, hereby files his response to Defendant, CIRCLE K STORES, INC's Request for Admissions dated October 10, 2022, as follows:

1.    Admit that Plaintiff is seeking in excess of $75,000 in damages, exclusive of fees and costs.

    **ANSWER:** Plaintiff admits that he is seeking more than $75,000 in damages against Defendant and Defendant has known that since September 23, 2020, because on that date Plaintiff demanded $750,000 from Defendant.  Therefore, Defendant was charged with knowledge of the amount in controversy as of that date.  *See Restoration USA, LLC v. Integon Nat'l Ins. Co.*, 2020 WL 6343329, at **2-3 (S.D. Fla. June 2, 2020) (rejecting other paper removal based on request for admissions on damages when presuit demand exceeded $75,000); *see also Mobile Ass'n for Retarded Citizens, Inc. v. Arch Ins. Group, Inc.*, 2013 WL 6147137, *4 (S.D. Ala. Sep. 18, 2013) (same).  Since Defendant is charged with knowledge of the amount in controversy as of that date, Defendant's RFA is an improper attempt to create an "other paper" removal situation under 28 USC § 1446(b)(3) beyond the thirty-day window opened by the service of Plaintiff's Complaint.  *See Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978) ("the defendant's position that the discovery paper did not demonstrate [the amount in controversy] until that specific point was admitted by the plaintiff ... is hypertechnical [sic] and is, in sum, simply untenable."); *see also Dowdall v. Cooper Tire & Rubber Co.*, 2009 WL 2982914, at *2 (M.D. La. Sep. 11, 2009) (discussing attempt to revive removability by creating other paper).  Under 28 USC § 1446(b)(3),

Defendant had thirty days from that date it was served with the Complaint to remove this case to federal court and failed to do so.

2.    Admit that Plaintiff's medical bills related to the incident are in excess of $75,000.

**ANSWER:** Plaintiff admits his medical bills are in excess of $75,000 and Defendant has known that since September 23, 2020, because on that date Plaintiff provided medical bills and a medical bill summary to Defendant in the amount of $133,329.29.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 11th day of October, 2022, to: Jennifer A. Hoffman Esq. at Carr Allison, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com; rfrederick@carrallison.com; kpollak@carrallison.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Phone: (305) 661-6000
Fax: (813) 358-5632
Email: hbarnes@rubensteinlaw.com
pdelpinsosa@rubensteinlaw.com
eservice@rubensteinlaw.com

By: /s/ *Heather Barnes*
    **Heather Barnes**
    Florida Bar No.: 85522

- 2 -

IN THE CIRCUIT COURT OF THE
10TH JUDICIAL CIRCUIT, IN AND
FOR POLK COUNTY, FLORIDA

CASE NO.:    2022-CA-000609

MICHAEL NEELY,

                Plaintiff,

v.

CIRCLE K STORES, INC.,

                Defendant.

_____/

## DEFENDANT'S WITNESS AND EXHIBIT LIST

Defendant, CIRCLE K STORES, INC., by and through their undersigned counsel

and pursuant to this Court's Order Scheduling Pretrial Conference and Jury Trial dated October

3, 2022, disclose the following witness list and exhibit list:

1)     Corporate Representative for Circle K. Stores, Inc.
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

2)     Michael Neely, c/o his counsel

3)     Lucita Radeboldt
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

4)     Kathy Smith
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

5)     Latosha Screen
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

6)     All expert witnesses disclosed by Plaintiffs.

7)     All fact witnesses disclosed by Plaintiffs.

8)     Any and all witnesses required for rebuttal or impeachment purposes.

9)      Any other applicable expert witness necessary to authenticate any exhibit listed on the Defendant's witness and exhibit list.

10)      Any applicable records custodian for any record or document listed on the Defendant's Exhibit List.

11)      Any and all persons named in any and all hospital documents or medical records obtained in discovery or otherwise appear in the Court file.

12)      Defendant reserves the right to elicit expert opinion testimony from any and all of Plaintiffs' disclosed experts, without waiving their right to object to the presentation of any such witness or testimony.

13)      Defendant reserves the right to disclose additional fact or expert witnesses for which ongoing discovery or investigation reveals the need.

## EXHIBIT LIST

1)      HSE General Safety Course

2)      Photographs of the area where the incident occurred.

3)      Medical records and/or bills of any and all treating physicians, medical providers and medical facilities pertaining to the medical care, treatment, and/or services rendered to or on behalf of Plaintiff including the following:

  a.  Polk County Fire Rescue

  b.  Lakeland Regional Medical Center

  c.  Path Medical at Lakeland

  d.  Associates MD

  e.  Winter Haven Ambulatory Surgical Center

  f.  BioSpine Institute

  g.  Inspire Home Healthcare

       h.   Johannes V. Blom, MD

       i.   Osprey Emergency Physicians

       j.   Radiology and Imaging Specialists

       k.   Gulf Coast Spine Institute

       l.   Anesthesia Management Solutions

4)     A summary of any and all medical expense incurred by Plaintiff.

5)     Curriculum vitae of any and all treating physicians and medical providers providing medical care, treatment and/or services to or on behalf of Plaintiff.

6)     AMA Guidelines.

7)     Any and all anatomical charts and/or skeletal devices.

8)     Any and all reports, charts, drawings, and/or graphs of any witnesses.

9)     Any and all enlargements of any exhibits.

10)    Any and all demonstrative aids.

11)    Impeachment materials.

12)    Documents produced by Plaintiff in this matter.

13)    Documents produced by Defendant in this matter.

14)    Defendant reserves the right to disclose additional exhibits for which ongoing discovery or investigation reveals the need.

15)    Any and all interrogatories, answers and exhibits thereto that will be or have been filed in this matter, including expert interrogatories.

16)    Any and all deposition transcripts and/or videos that will be or have been filed in this matter including exhibits attached hereto.

17)    Any and all requests to produce, responses and exhibits hereto that will be or have been filed in this matter, including expert requests to produce.

18)    Any and all request for admissions and responses to requests for admissions that have ben filed in this matter.

19)    Any and all exhibits listed by Plaintiff.

20)    Any and all exhibits listed hereafter and noticed to Plaintiff.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

by Florida Courts E-Filing Portal, Email, U.S. Mail, Hand Delivery, or Personal Process Server

to the following this 2nd day of November, 2022.

Heather Barnes, Esq.
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd., PH Suite
Miami, Florida 33156
Phone: (305) 661-6000
HBarnes@RubensteinLaw.com
PDelpinsosa@RubensteinLaw.com
EService@RubensteinLaw.com
*Attorney for Plaintiff*

*Charles R. Frederick, Esq.*
**Jennifer A. Hoffman, Esq.**
Florida Bar No.: 981605
**Charles R. Frederick, Esq.**
Florida Bar No.: 1010962
CARR ALLISON
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Phone: (407) 783-6087
Facsimile: (904) 328-6473
JHoffman@CarrAllison.com
RFrederick@CarrAllison.com
KPollak@CarrAllison.com
BBurke@CarrAllison.com
*Attorneys for Defendant*

4

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

MICHAEL NEELY,                                          CIVIL DIVISION

    Plaintiff                                       CASE NO.: 2022-CA-000609-0000LK

v.

CIRCLE K STORES,

    Defendant.

_____/

## NOTICE OF MEDIATION

    PLEASE TAKE NOTICE that the mediation in the above-captioned matter has been scheduled for:

| | |
|---|---|
| **DATE:** | Tuesday, June 6, 2023 |
| **TIME:** | 9:30 AM |
| **LOCATION:** | Via Zoom Video Conference |
| | Join Zoom Meeting |
| | https://us02web.zoom.us/j/88602448262 |
| | |
| | Meeting ID: 886 0244 8262 |
| | One tap mobile |
| | +16469313860,,88602448262# US |
| | +19292056099,,88602448262# US (New York) |
| **MEDIATOR:** | Steven A. Strickland Esq. |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 2nd day of November, 2022, to: Jennifer A. Hoffman Esq. at Carr Allison, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com; rfrederick@carrallison.com; kpollak@carrallison.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (813) 358-5632
Email: hbarnes@rubensteinlaw.com
        pdelpinsosa@rubensteinlaw.com
        eservice@rubensteinlaw.com

2022-CA-000609-0000LK

By: <u>/s/ *Heather Barnes*</u>
**Heather Barnes**
Florida Bar No.: 85522

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

**MICHAEL NEELY**,                                      CIVIL DIVISION

     Plaintiff                                      CASE NO.:  2022-CA-000609-
0000LK

v.

**CIRCLE K STORES**,

     Defendant.

_____/

## PLAINTIFF'S WITNESS AND EXHIBIT LIST

     Plaintiff, MICHAEL NEELY, in compliance with this Court's Uniform Order Setting

Cause for Jury Trial, lists the following witnesses:

1. Johannes V Blom MD PA
   3702 Washington Street,
   Ste 202 Hollywood, FL 33021

2. Dr. Christopher King
   Path Medical
   2001 W 68th St Ste 202,
   Hialeah, FL 33016

3. Sara Safder, MD
   Lakeland Regional Hospital
   1324 Lakeland Hills Blvd.
   Lakeland, FL 33805

4. Jesse Law MD
   Path Medical
   809 South Florida Ave.,
   Lakeland, FL 33801

5. Mauro Pio Robles RN
   Lakeland Regional Hospital
   1324 Lakeland Hills Blvd.
   Lakeland, FL 33805

6. Saira B Campos APRN
   Associates MD

2022-CA-000609-0000LK

722 Bowing Oak Dr
Brandon, Fl 33511-5974

7.  Sandra Ayers, RN
    Lakeland Regional Hospital
    1324 Lakeland Hills Blvd.
    Lakeland, FL 33805

8.  BioSpine
    Jeffrey Owens, PA-C
    4211 West Boy Scout Blvd.
    Tampa, FL 33607

9.  BioSpine
    Dr. Roderick Claybrooks
    4211 West Boy Scout Blvd.
    Tampa, FL 33607

10. Lisa Farkas RN
    Inspire Home Health
    14502 NORTH DALE MABRY HWY
    STE 200 TAMPA, FL 33618

11. Nicole Shaffer, RN
    Lakeland Regional Hospital
    1324 Lakeland Hills Blvd.
    Lakeland, FL 33805

12. Corporate Representative for Circle K. Stores, Inc.
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

13. Lucita Radeboldt
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

14. Kathy Smith
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

15. Latosha Screen
    c/o Carr Allison
    121 S. Orange Ave., Suite 1500
    Orlando, FL 32801

- 2 -

16.     All expert witnesses disclosed by Defendant.

17.     All fact witnesses disclosed by Defendant.

18.     Any and all witnesses required for rebuttal or impeachment purposes.

19.     Any other applicable expert witness necessary to authenticate any exhibit listed on the Plaintiff's witness and exhibit list.

20.     Any applicable records custodian for any record or document listed on the Plaintiff's Exhibit List.

21.     Any and all persons named in any and all hospital documents or medical records obtained in discovery or otherwise appear in the Court file.

22.     Plaintiff reserves the right to elicit expert opinion testimony from any and all of Plaintiffs' disclosed experts, without waiving their right to object to the presentation of any such witness or testimony.

23.     Plaintiff reserves the right to disclose additional fact or expert witnesses for which ongoing discovery or investigation reveals the need.

## **EXHIBIT LIST**

1.     Medical records and/or bills of any and all treating physicians, medical providers and medical facilities pertaining to the medical care, treatment, and/or services rendered to or on behalf of Plaintiff including the following:

   a.   Associates MD

   b.   Anesthesia Management Solutions LLC

   c.   Path Medical at Lakeland

   d.   Inspire Home Healthcare

   e.   Winter Haven Ambulatory Surgical Center

2022-CA-000609-0000LK

  f. Polk County Fire Rescue

  h. Lakeland Regional Medical Center

  i. Osprey Emergency Physicians

  j. Johannes V. Blom, M.D.

  k. Radiology & Imaging Specialists of Lakeland

  l. BioSpine Institute

  m. Gulf Coast Spine Institute

2. A summary of any and all medical expense incurred by Defendant.

3. Curriculum vitae of any and all treating physicians and medical providers providing medical care, treatment and/or services to or on behalf of Defendant.

4. Any and all anatomical charts and/or skeletal devices.

5. Any and all reports, charts, drawings, and/or graphs of any witnesses.

6. Any and all enlargements of any exhibits.

7. Any and all demonstrative aids.

8. Impeachment materials.

9. Documents produced by Defendant in this matter.

10. Documents produced by Plaintiff in this matter.

11. Plaintiff reserves the right to disclose additional exhibits for which ongoing discovery or investigation reveals the need.

12. Any and all interrogatories, answers and exhibits thereto that will be or have been filed in this matter, including expert interrogatories.

13. Any and all deposition transcripts and/or videos that will be or have been filed in this matter including exhibits attached hereto.

- 4 -

2022-CA-000609-0000LK

14.    Any and all requests to produce, responses and exhibits hereto that will be or have been filed in this matter, including expert requests to produce.

15.    Any and all request for admissions and responses to requests for admissions that have ben filed in this matter.

16. Any and all exhibits listed by Defendant.

17. Any and all exhibits listed hereafter and noticed to Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 2nd day of November, 2022, to: Jennifer A. Hoffman Esq. at Carr Allison, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com; rfrederick@carrallison.com; kpollak@carrallison.com

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (813) 358-5632
Email: hbarnes@rubensteinlaw.com
         pdelpinsosa@rubensteinlaw.com
         eservice@rubensteinlaw.com

By:  _/s/ *Heather Barnes*
    **Heather Barnes**
     Florida Bar No.: 85522

- 5 -

Case 8:22-cv-02556-NHA    Document 1    Filed 11/10/22    Page 100 of 104 PageID 100

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

MICHAEL NEELY,                                        CIVIL DIVISION

     Plaintiff                                        CASE NO.:  2022-CA-000609-
                                            0000LK

v.

CIRCLE K STORES,

     Defendant.

_____/

## PLAINTIFF'S EXPERT WITNESS LIST

     Plaintiff, MICHAEL NEELY, in compliance with this Court's Uniform Order Setting Cause for Jury Trial, lists the following expert witnesses:

1. Johannes V. Blom, M.D.
   3702 Washington Street
   Ste 202
   Hollywood, FL 33021

     Although not a retained expert, Plaintiff has listed Johannes V. Blom, M.D. in an abundance of caution. Johannes V. Blom, M.D. provided care and treatment to the Plaintiff and is anticipated to testify regarding his treatment; the surgery performed; the costs associated with that treatment; causation of Michael Neely's injuries; the need for further treatment, if any, as well as the costs for such treatment; and the permanency of Michael Neely's injuries. It is anticipated that Dr. Blom will base his testimony on his observations made while treating Mr. Neely, the history and physical obtained from Mr. Neely, his review of radiological studies, and his experience and training.

2. Dr. Roderick Claybrooks
   BioSpine
   4211 West Boy Scout Blvd.
   Tampa, FL 33607

Although not a retained expert, Plaintiff has listed Dr. Roderick Claybrooks in an abundance of caution. Dr. Roderick Claybrooks provided care and treatment to Plaintiff and is anticipated to testify regarding his treatment; the surgery performed; the costs associated with that treatment; causation of Michael Neely's injuries; the need for further treatment, if any, as well as the costs for such treatment; and the permanency of Michael Neely's injuries. It is anticipated that Dr. Claybrooks will base his testimony on his observations made while treating Mr. Neely, the history and physical obtained from Mr. Neely, his review of radiological studies, and his experience and training.

3. Chintan Desai, M.D.
Path Medical – Absolute
4700 N. Habana Ave, Ste A102
Tampa, FL 33614

Although not a retained expert, Plaintiff has listed Dr. Chintan Desai in an abundance of caution. Dr. Desai provided care and treatment to Plaintiff and is anticipated to testify regarding his treatment; the costs associated with that treatment; causation of Michael Neely's injuries; the need for further treatment, if any, as well as the costs for such treatment; and the permanency of Michael Neely's injuries. It is anticipated that Dr. Desai will base his testimony on the history provided regarding Mr. Neely, his review of the radiological studies, and his experience and training.

4. Plaintiff reserves the right to call any and all experts listed by any parties to this action upon reasonable notice to the parties.

5. Plaintiff reserves the right to object to any and all expert witnesses listed by any other parties to this action.

- 2 -

2022-CA-000609-0000LK

6.    Plaintiff reserves the right to amend this disclosure.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 3rd day of November, 2022, to: Jennifer A. Hoffman Esq. at Carr Allison, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com; rfrederick@carrallison.com; kpollak@carrallison.com

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (813) 358-5632
Email: hbarnes@rubensteinlaw.com
          pdelpinsosa@rubensteinlaw.com
          eservice@rubensteinlaw.com

By:  _/s/ Heather Barnes_
    **Heather Barnes**
     Florida Bar No.: 85522

- 3 -

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

MICHAEL NEELY,

    Plaintiff

v.

CIRCLE K STORES,

    Defendant.

_____/

CIVIL DIVISION

CASE NO.:  2022-CA-000609-0000LK

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS**

The Plaintiff, MICHAEL NEELY, by and through the undersigned counsel, hereby files his response to Defendant, CIRCLE K STORES, INC's Request for Admissions dated October 10, 2022, as follows:

1. Admit that Plaintiff is seeking in excess of $75,000 in damages, exclusive of fees and costs.

**ANSWER:** Plaintiff admits that he is seeking more than $75,000 in damages against Defendant and Defendant has known that since September 23, 2020, because on that date Plaintiff demanded $750,000 from Defendant. Therefore, Defendant was charged with knowledge of the amount in controversy as of that date. *See Restoration USA, LLC v. Integon Nat'l Ins. Co.*, 2020 WL 6343329, at **2-3 (S.D. Fla. June 2, 2020) (rejecting other paper removal based on request for admissions on damages when presuit demand exceeded $75,000); *see also Mobile Ass'n for Retarded Citizens, Inc. v. Arch Ins. Group, Inc.*, 2013 WL 6147137, *4 (S.D. Ala. Sep. 18, 2013) (same). Since Defendant is charged with knowledge of the amount in controversy as of that date, Defendant's RFA is an improper attempt to create an "other paper" removal situation under 28 USC § 1446(b)(3) beyond the thirty-day window opened by the service of Plaintiff's Complaint. *See Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978) ("the defendant's position that the discovery paper did not demonstrate [the amount in controversy] until that specific point was admitted by the plaintiff … is hypertechnical [sic] and is, in sum, simply untenable."); *see also Dowdall v. Cooper Tire & Rubber Co.*, 2009 WL 2982914, at *2 (M.D. La. Sep. 11, 2009) (discussing attempt to revive removability by creating other paper). Under 28 USC § 1446(b)(3),

**EXHIBIT B**

2022-CA-000609-0000LK

Defendant had thirty days from that date it was served with the Complaint to remove this case to federal court and failed to do so.

2. Admit that Plaintiff's medical bills related to the incident are in excess of $75,000.

**ANSWER:** Plaintiff admits his medical bills are in excess of $75,000 and Defendant has known that since September 23, 2020, because on that date Plaintiff provided medical bills and a medical bill summary to Defendant in the amount of $133,329.29.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 11th day of October, 2022, to: Jennifer A. Hoffman Esq. at Carr Allison, 208 North Laura Street, Suite 1100, Jacksonville, FL 32202; jhoffman@carrallison.com; rfrederick@carrallison.com; kpollak@carrallison.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Phone: (305) 661-6000
Fax: (813) 358-5632
Email: hbarnes@rubensteinlaw.com
pdelpinsosa@rubensteinlaw.com
eservice@rubensteinlaw.com

By: /s/ *Heather Barnes*
    **Heather Barnes**
    Florida Bar No.: 85522

- 2 -