UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL NEELY,

    Plaintiff,

v.                                                                      Case No: 8:22-cv-2556-NHA

CIRCLE K STORES, INC.,

    Defendant.
_____/

## ORDER

Defendant Circle K Stores, Inc.'s Motion to Exclude Expert Testimony (Doc. 43) is denied. To the extent Plaintiff's physicians were hired to treat Plaintiff, rather than to testify in this case, Plaintiff is not required to submit reports pursuant to Rule 26(a)(2)(B) as a prerequisite to their testimony.

## Background

Plaintiff Michael Neely sues Defendant Circle K Stores, Inc. for negligence. Doc. 1-1. Plaintiff alleges that he was injured after he slipped and fell in water leaked from Circle K's cooler. *Id.*

On June 13, 2023, Plaintiff disclosed his expert witnesses to Circle K. Doc. 41-1. There, Plaintiff disclosed seven medical professionals: (1) Dr. Johannes V. Blom, MD, PA; (2) Dr. Roderick Claybrooks; (3) Jeffrey Owens, PA-C; (4) Dr. Christopher King; (5) Dr. Sara Safder, MD; (6) Dr. Jesse Law,

MD; and (7) Dr. Chintai Desai, MD (together, the "Treating Physicians"). *Id.* Plaintiff stated that the Treating Physicians were "not retained experts" but that he listed them out of "an abundance of caution." *Id.* Plaintiff provided notice that the Treating Physicians would testify as to the "causation of Mr. Neely's injuries, diagnosis, prognosis and reasonable costs of past and future medical care; and the permanency of Mr. Neely's injuries."[1] *Id.* Plaintiff further explained that each Treating Physician would "base [his or her] testimony on experience and training." *Id.*

On March 19, 2024, Defendant moved to exclude the testimony of the Treating Physicians as to the causation and permanency of any injury, and the reasonable cost of past and future medical care, because Plaintiff did not produce any expert reports consistent with Federal Rule of Civil Procedure 26(a)(2)(B). Doc. 43, p. 3. Expert reports were due to be produced on June 13, 2023. *Id.* (citing the Court's Case Management and Scheduling Order (Doc. 18, pp. 1, 3)). Plaintiff opposed the motion, asserting that he had no obligation to produce Rule 26(a)(2)(B) reports, because the Treating Physicians were not "retained or specially employed to provide expert testimony in the case." *See* Doc. 48, p. 5.

---

[1] While all seven disclosures state that the Treating Physicians will testify regarding the issue of causation and permanency of Mr. Neely's injuries (Doc. 41-1), Mr. Neely states that only Dr. Blom and Dr. Claybrooks will testify as to causation and permanency (Doc. 48, p. 3).

2

## Standard of Review/Applicable Law

Federal Rule of Civil Procedure 26 requires a party to disclose the witnesses he will present at trial. Fed. R. Civ. P. 26(a). Rule 26, which also governs the pretrial disclosures for expert witnesses, outlines two types of expert witnesses: those who were retained for the purpose of providing expert testimony in the case, and those who were not. Fed. R. Civ. P. 26(a)(2). "[W]hether an expert was 'retained' hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Cedant v. United States*, 75 F.4th 1314, 1317 (11th Cir. 2023). For instance, if a physician was initially hired to treat a patient rather than to testify, the physician would not be classified as a "retained" expert. *Id.*

The classification of an expert witness determines disclosure that a party must make under Rule 26 prior to offering his testimony. If the expert was retained to testify, Rule 26(a)(2)(B) requires the presenting party to produce a "written report" that contains (1) a complete statement of all opinions the witness will express and the reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications; (5) a list of all other cases the witness testified in the last 4 years; and (6) a statement of compensation for testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). However, for other experts, the presenting party need only provide the subject matter of the testimony or

3

a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(c).

## Analysis

Circle K moves to exclude the testimony of Plaintiff's Treating Physicians, asserting that Rule 26(a)(2)(B) required Plaintiff to submit a written report before offering their opinions regarding causation, permanency, and the reasonable costs of past and future medical care. But an "expert's job title, the subject or scope of his testimony, and the way that he formed his opinions are irrelevant inquiries for Rule 26(a)(2) purposes." *Cedant*, 75 F.4th at 1324. "The *only* question presented by the Rule's text is whether the witness was retained as an expert or otherwise employed as described in Rule 26(a)(2)(B)." *Id.*

In *Cedant*, the Eleventh Circuit clarified the differences between an expert who was retained to testify and one who was not. *Id.* There, the plaintiff served his expert witness disclosures to the defendant and stated that no expert witness had been "retained" in the case. *Id.* at 1318. Nonetheless, plaintiff disclosed his "non-retained" experts out of an "abundance of caution" and stated that they formed opinions as to the cause of his injuries while treating him. *Id.* The disclosure was accompanied by documents that briefly outlined the opinion of each doctor but did not otherwise constitute written reports under Rule 26(a)(2)(B). *Id.* The defendant argued that the plaintiff's

4

expert witnesses were "retained experts" and that their testimony should be excluded because plaintiff failed to timely disclose written reports under Rule 26(a)(2)(B). *Id.*

The District Court in *Cedant* held that a treating physician must submit a written report under Rule 26(a)(2)(B) when testifying on the issues of causation, prognosis, and/or future implications of the injury. *Id.* at 1319. The Eleventh Circuit reversed, holding that "whether an expert was 'retained' hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Id.* at 1317. The Circuit held that the plaintiff was not required to produce a Rule 26(a)(2)(B) report, because the plaintiff first hired the physicians to treat him rather than to testify. *Id.* at 1324–1325.

Here, Plaintiff asserts that the Treating Physicians were initially retained to treat him, not to testify. Defendant presents no evidence to the contrary. Plaintiff is not required to submit a Rule 26(a)(2)(B) report before presenting the testimony of his treating physicians. Were Defendant curious about their opinions, they had the right to depose them. Defendant chose not to do so.

## Conclusion

Defendant's Motion to Exclude the Expert Testimony (Doc. 48) is **DENIED**.

DONE AND ORDERED in Tampa, Florida on this 13th day of May, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge