# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL NEELY,

    Plaintiff,

v.                                                       Case No: 8:22-cv-2556-NHA

CIRCLE K STORES, INC.,

    Defendant.
_____/

## ORDER

Upon review of the parties' memoranda, and following a hearing on the matter, I deny Defendant Circle K Stores, Inc.'s Motion to Re-Open Discovery and Expert Report Disclosure Deadlines (Doc. 51).

## Background

Plaintiff Michael Neely sues Defendant Circle K Stores, Inc. for negligence. Doc. 1-1. Plaintiff alleges that he was injured after he slipped and fell in water leaked from Circle K's cooler. *Id*.

This case was filed in February 2022 and removed to federal court several months later. Doc. 1. It is scheduled to begin trial on August 5, 2024. Doc. 46.

On January 23, 2023, the Court entered its Case Management and Scheduling Order instructing Defendant to disclose its expert reports by July 13, 2023. Doc. 18. Daubert and dispositive motions were due November 13, 2023. *Id*. The discovery period closed September 13, 2023. *Id*.

On June 6, 2024, nearly eleven (11) months after Defendant's expert-disclosure deadline, and nine (9) months after the close of discovery, Defendant moved to reopen discovery so that it could produce the previously undisclosed report of Dr. Randall Rust. Doc. 51. In support of its late request, Defendant explains, "Defendant originally meant to provide Plaintiff with a timely copy of Dr. Rust's report, but due to an internal issue involving a paralegal who failed to pay Dr. Rust's invoice, no report was able to be prepared prior to the disclosure deadline." *Id.* at 2.

Plaintiff opposes Defendant's motion, noting that: (1) the expert disclosure is untimely, (2) Plaintiff alerted Defendant to the late report, after which Defendant represented that it planned to "drop Dr. Rust as an expert", (3) the deadline for Daubert and dispositive motions has passed, and (4) to force Plaintiff to review the report and prepare to depose Dr. Rust in the two months before trial would prejudice Plaintiff's ability to prepare for trial. Doc. 55. Defendant acknowledged at the hearing that Plaintiff had alerted Defendant to the missing report in January or February 2024, and that Defendant did respond by suggesting it might drop Dr. Rust as an expert. Doc. 60.

**Legal Authority**

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose its testifying expert witnesses. Fed. R. Civ. P. 26(a). Rule 26 further provides that a witness who is specially employed to provide expert testimony must provide a "written report" that contains (1) a complete statement of all opinions the witness will express and the reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications; (5) a list of all other cases the witness testified in the last 4 years; and (6) a statement of compensation for testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). A party must disclose the expert's identity and report at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D).

Timely disclosure of an expert witness's report allows the opposing party to obtain an expert, or work with a retained expert, to analyze and rebut the report; depose the witness; challenge the witness's fitness to testify by filing a *Daubert* motion, if appropriate; and prepare an effective cross-examination. An opposing expert's report may also impact a party's trial strategy, the direct examination of its own experts, and its jury arguments. "[B]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the

3

requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

"If a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (a party that fails to disclose an expert witness's written report cannot use the witness as evidence at trial without having a substantial justification "unless such failure is harmless"). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010) (citation omitted). "[T]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

"Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) (citing Fed. R. Civ. P. 37(c)(1)). In weighing whether to strike an expert witness's testimony, courts often consider: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the

4

potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993) (citing other cases); *Martinez v. Target Corp.*, 384 F. App'x 840, 847 (10th Cir. 2010) (analyzing the same factors to determine justification or prejudice).

## Analysis

*i. The failure to timely disclose the report is not substantially justified.*

Defendant seeks to disclose an expert report nearly eleven months after it was due, nearly nine months after the close of discovery, and fewer than two months before trial is scheduled to begin.

**Importance of the Expert.** As to the importance of Dr. Rusts's testimony, Defendant states, "Dr. Rust's testimony is extremely important to the Defendant as his testimony will be necessary to rebut the testimony of Plaintiff's non-retained treating physicians who will be giving opinions on causation and permanency." Doc. 51, p. 2.  No additional facts or argument are offered to support Defendant's need for Dr. Rust's testimony.

Defendant's failure to notice for several months that Dr. Rust had not submitted an expert report, Defendant's earlier representation that it might drop Dr. Rust as a witness, and Defendant's delay in moving for leave to

5

produce Dr. Rust's report, suggest to the Court that Dr. Rust is not a critical witness.[1]

**Explanation for Untimely Disclosure.** Defendant states that it failed to timely disclose Dr. Rust's report, because a paralegal errantly failed to pay him, causing Dr. Rust to withhold the report. Doc. 51, p. 2. Defendant offers no explanation for why it did not discover that it had neither received nor disclosed Dr. Rust's report at the disclosure deadline, or when Plaintiff repeatedly followed up to request the report in January or February. Thus, Defendant's explanation does not substantially justify the late production.

*ii. The late disclosure prejudices Plaintiff.*

**Prejudice to Plaintiff.** Defendant asserts that the late disclosure of Dr. Rust's report "is harmless and does not create undue delay as Plaintiff will have the opportunity to depose Dr. Rust and move for any Dispositive or Daubert motions prior to the July 8, 2024 Pre-Trial Date." Doc. 51, pp. 2-3. I disagree.

The parties have fewer than five weeks to prepare for trial, which is a substantial endeavor in itself. Defendant's suggestion that it would not prejudice Plaintiff's trial preparation efforts to review and analyze the new

---

[1] The Court notes that, even without his testimony, Defendant could rely on Dr. Rust to assist in preparing the cross examinations of Plaintiff's witnesses.

6

expert report, prepare for and take a deposition, obtain any rebuttal reports from their own experts, and brief any newly necessary *Daubert* or Dispositive motions (motions that would require time to respond to and rule on), in advance of the August 5th trial date (much less the July 8, 2024 Pre-Trial Date), is unpersuasive. Requiring Plaintiff to undertake such eleventh-hour efforts would undermine Plaintiff's ability to prepare for trial.

**Availability of a Continuance to Cure the Prejudice.** At the hearing, the parties confirmed that they are ready to proceed to trial on August 5th and that neither party will move to continue the trial. The Court is disinclined to continue the trial *sua sponte* to accommodate the late disclosure Defendant requests, given the parties' position on continuance, given that the trial date was selected based on the mutual convenience of the parties, and given that the trial week has likely been reserved by the parties, their counsel, and their witnesses.

## Conclusion

I find that Defendant has failed to substantially justify its late disclosure of Dr. Rust's report, or to demonstrate that the late disclosure would not prejudice Plaintiff. Accordingly, Defendant's motion to Re-Open Discovery and Expert Report Disclosure Deadlines (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** on June 26, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

8